462 So.2d 399 (1984)
PETITION OF THE FLORIDA BAR TO AMEND the FLORIDA RULES OF JUVENILE PROCEDURE.
No. 65103.
Supreme Court of Florida.
December 28, 1984.
John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, and Arthur C. Johnston, Jr., Chairman, Juvenile Rules Committee, Jacksonville, petitioner.
Bennett H. Brummer, Public Defender, and Steven D. Levine, Asst. Public Defender, Miami, on behalf of the Florida Public Defender Association, Inc. and the Public Defender of the Eleventh Judicial Circuit, interested party.
David Cerf, Miami, on behalf of the Dade County Guardian ad Litem Program, interested party.
PER CURIAM.
This proceeding is before the Court upon the petition of The Florida Bar for a general revision of the Florida Rules of Juvenile *400 Procedure. The proposal for a general revision is made pursuant to Florida Rule of Judicial Administration 2.130(c). We have jurisdiction. Art. V,  15, Fla. Const.
The Florida Rules of Juvenile Procedure are hereby amended to read as set forth below. The revision as proposed and as hereby adopted divides the Rules of Juvenile Procedure into two parts, with Part I governing delinquency proceedings and Part II governing dependency proceedings. Part I is based upon the former rules with additions indicated by underscoring and deletions indicated by struck-through type. Although Part II is to some extent also based upon the former rules, we consider all of Part II to be new material and we set it forth in ordinary type.
The notes of the Florida Bar Committee on Rules of Juvenile Procedure, where provided, are set forth following the rules to which they pertain. The Committee Notes are provided for the guidance of the reader but are not necessarily definitive and are not a part of the rules as adopted by this Court.
The following revised Rules of Juvenile Procedure will take effect on January 1, 1985.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.

PART I: DELINQUENCY PROCEEDINGS

I. A. INTRODUCTORY RULES

Rule 8.010. Scope and Purpose
These rules shall govern the procedures in the Circuit Court in the exercise of its jurisdiction under the Florida Juvenile Justice Act.
They are intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
They shall be known as the Florida Rules of Juvenile Procedure, and may be cited as Fla.R.Juv.P.
When appropriate the use of singular nouns and pronouns shall be construed to include the plural and the use of plural nouns and pronouns shall be construed to include the singular. The use of male pronouns shall be construed in the universal sense of both male and female.

II. B. PRELIMINARY PROCEEDINGS

Rule 8.030. Ordering Children into Custody
If a verified petition has been filed, or if, prior to the filing of a petition, an affidavit or sworn testimony is filed with presented to the court, either of which alleges facts which under existing law are sufficient to authorize that a child be taken into custody, the court may issue an order to a person, authorized to do so, directing that the child be taken into custody. The order shall:
(a) Be in writing;
(b) Specify the name and address of the child or, if unknown, designate him by any name or description by which he can be identified with reasonable certainty;
(c) Specify the age and sex of the child; if his age is unknown, that he is believed to be of an age subject to the jurisdiction of the circuit court as a juvenile case;
(d) State the reasons why the child is being taken into custody;
(e) Order that the child be brought immediately before the court or be taken to a place of detention designated by the court to be detained pending a detention hearing;
(f) State the date when issued, and the county and court where issued;
(g) Be signed by the judge with the title of his office.

Rule 8.040. Detention Petition and Order
(a) Time Limitation. No child taken into custody shall be detained, as a result of the incident for which he is taken into custody, longer than twenty-four hours, excluding Sundays and legal holidays, unless a detention order so directing is made by the judge *401 upon a petition therefor and following a hearing.
(a) (b) Petition. The detention petition shall:
(1) Be in writing and be filed with the court;
(2) State the name and address of the child or, if unknown, designate him by any name or description by which he can be identified with reasonable certainty;
(3) State the age and sex of the child; or if his age is unknown, that he is believed to be of an age which will make him subject to the procedures covered by these rules;
(4) State the reasons why the child is in custody and needs to be detained;
(5) Recommend the place where the child is to be detained or the agency to be responsible for the detention;
(6) Be signed by an authorized agent of the Department of Health and Rehabilitative Services, or by the state attorney or assistant state attorney.
(b) (c) Order. The detention order shall:
(1) Be in writing;
(2) State the name and address of the child or, if unknown, designate him by any name or description by which he can be identified with reasonable certainty;
(3) State the age and sex of the child, or if his age is unknown, that he is believed to be of an age which will make him subject to the procedures covered by these rules;
(4) Order that the child shall be held in detention or shelter care and state the reasons therefor;
(5) Make a finding that probable cause exists that the child is delinquent or dependent, or that such a finding cannot be made at this time and that the case is continued for such a determination to a time certain within seventy-two (72) hours from the time the child is taken into custody unless this time is extended by the court for good cause shown for not longer than an additional twenty-four (24) hours.
(6) Designate the place where the child is to be detained or the person or agency that will be responsible for his detention along with any special conditions found to be necessary;
(7) State the date and time when issued, and the county and court where issued, together with the date and time the child was taken into custody;
(8) Be signed by the judge with the title of his office.

Rule 8.050. Detention Hearing
(a) When required. No detention order provided for in Rule 8.040 shall be entered without a hearing at which all parties shall have an opportunity to be heard on the necessity for the child's being held in detention or shelter care, unless the court finds that the parent or custodian cannot be located, that the child is so young that to have him appear before the court would be of no value, or that the child's mental or physical condition is such that a court appearance is not in his best interest.
(b) Time. The detention hearing shall be within twenty-four (24) hours after the child is taken into custody excluding Sundays and legal holidays.
(c) Place. The detention hearing may be held in the county where the incident occurred, where the child is taken into custody, or where the child is detained.
(d) Notice. The intake officer shall make a diligent effort to notify the parent or custodian of the child of the time and place of the hearing. The notice may be by the most expeditious method available. Failure of notice to parents or custodians or their nonattendance at the hearing shall not invalidate the proceeding or the order of detention.
(e) Advice of Rights. At the detention hearing the persons present shall be advised of the purpose of the hearing and
(1) In delinquency cases the child shall be advised of:
(i) (1) The nature of the charge for which he was taken into custody.

*402 (ii) (2) His right to be represented by counsel and if insolvent the right to appointed counsel.
(iii) (3) That he is not required to say anything and that anything he says may be used against him.
(iv) (4) If his parent, custodian, or counsel is not present, that he has a right to communicate with them and that, if necessary, reasonable means will be provided for him to do so.
(v) (5) The reason continued detention is requested.
(2) In dependency cases, the parent or custodian, and the child, if he is of an age to understand, shall be advised of
(i) The reason for the child's being in custody,
(ii) The right of the parent or guardian to be represented by retained counsel and, when applicable, the right of insolvent parents or guardians to appointed counsel.
(iii) The reason continued detention is requested.
(f) Issues. At this hearing the court shall determine the following:
(1) The existence of probable cause to believe the child has committed a delinquent act or is dependent. This issue shall be determined in a nonadversary proceeding. The court shall apply the standard of proof necessary for an arrest warrant and its finding may be based upon a sworn complaint, affidavit, deposition under oath, or, if necessary, upon testimony under oath properly recorded.
(2) The need for detention or shelter care according to the criteria provided by law. In making this determination in addition to the sworn testimony of available witnesses all relevant and material evidence helpful in determining the specific issue, including oral and written reports, may be relied upon to the extent of its probative value, even though it would not be competent at an adjudicatory hearing.
(g) Probable cause. If the court finds that such probable cause exists, it shall enter an order making such a finding and may, if other statutory needs of detention exist, retain the child in detention or shelter care. If the court finds that such probable cause does not exist, it shall forthwith release the child from detention or shelter care. If the court finds that one or more of the statutory needs of detention exist, but is unable to make a finding on the existence of probable cause it may retain the child in detention or shelter care and continue the hearing for the purpose of determining the existence of probable cause to a time within seventy-two (72) hours of the time the child was taken into custody. The court may, on a showing of good cause, continue the hearing a second time for not more than twenty-four (24) hours beyond the seventy-two (72) hour period. Release of the child based on no probable cause existing shall not prohibit the filing of a petition and further proceedings thereunder, but shall prohibit the holding of the child in detention or shelter care prior to an adjudicatory hearing.

Rule 8.060. Transfer of Cases [Reserved]
The court may transfer any case after adjudication, when adjudication is withheld, or when a plan under Rule 8.130(a)(3) has been accepted, to the circuit court for the county of the circuit in which is located the domicile or usual residence of the child or such other circuit court as the judge may determine to be for the best interest of the child. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court, furnishing the clerk and the state attorney of the receiving court within five (5) days a certified copy of the order of transfer and of all previous orders entered by the court in the interest of that child.

C. DISCOVERY

Rule 8.070. Discovery

(a) Required disclosure in delinquency cases to child.
(1) After the filing of a petition alleging a child to be delinquent and prior to *403 the adjudicatory hearing, the petitioner shall disclose to the child or his counsel upon written demand within five (5) days, and permit him to inspect, copy, test, and photograph the following information and material within the petitioner's possession or control:
(i) The names and addresses of all persons known to the petitioner to have information which may be relevant to the allegations or to any defense with respect thereto.
(ii) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term "statement" as used herein means a written statement made by said person and signed or otherwise adopted or approved by him, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the state and recorded contemporaneously with the making of such oral statement. The court shall prohibit the petitioner from introducing in evidence the material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
(iii) Any written or recorded statement and the substance of any oral statements made by the child and known to the petitioner, together with the name and address of each witness to the statement.
(iv) Any written or recorded statements, and the substance of any oral statements, made by a co-defendant if the hearing is to be a joint one.
(v) Those portions of recorded grand jury minutes that contain testimony of the child.
(vi) Any tangible papers or objects which were obtained from or belonged to the child.
(vii) Whether the petitioner has any material or information which has been provided by a confidential informant.
(viii) Whether there has been any electronic surveillance, including wiretapping, of the premises of the child, or of conversations to which the child was a party; and any documents relating thereto.
(ix) Whether there has been any search or seizure and any document relating thereto.
(x) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.
(xi) Any tangible papers or objects which the petitioner intends to use in the hearing and which were not obtained from or belonged to the child.
(2) As soon as practicable after the filing of the petition the petitioner shall disclose to the child any material information within the state's possession or control which tends to negate the guilt of the child as to the petition's allegations.
(3) The petitioner shall perform the foregoing obligations in any manner mutually agreeable to him and the child or as ordered by the court.
(4) Upon showing of materiality to the preparation of the defense, the court may require such other discovery to the child as justice may require.

(b) Required Disclosure to Petitioner.
(5) (1) Within five (5) days after receipt by the child of the list of names and addresses furnished by the petitioner pursuant to this rule the child shall furnish to the petitioner a written list of all persons whom the child expects to call as witnesses at the hearing. When the petitioner subpoenas a witness whose name has been furnished by the child, except for hearing subpoenas, reasonable notice shall be given to the child as to the time and place of examination pursuant to the subpoena. At such examination, the child shall have the right to be present and to examine the witness.
(6) (2) If the child demands discovery under section (a)(1), paragraphs (ii), (x), or (xi) of this rule, the child shall disclose *404 to the petitioner and permit him to inspect, copy, test, and photograph the following information and material which corresponds to that which the child sought and which is in the child's possession or control:
(i) The statement of any person whom the child expects to call as a trial witness other than that of the child.
(ii) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(iii) Any tangible papers or objects which the child intends to use in the hearing.
The child shall make the foregoing disclosures within five (5) days after receipt by him of the corresponding disclosure from the prosecutor. Defense counsel shall perform the foregoing obligations in any manner mutually agreeable to him and the prosecutor or as ordered by the court.
The filing of a motion for protective order by the petitioner will automatically stay the times provided for in this section. If a protective order is granted, the child may, within two days thereafter, or at any time before the petitioner furnishes the information or material which is the subject of the motion for protective order, withdraw his demand and not be required to furnish reciprocal discovery.
(b) Required disclosure in dependency cases.
(1) At any time after the filing of a petition alleging a child to be a dependent child, on written demand of any party, the party to whom the demand is directed shall disclose to him and permit him to inspect, copy, test or photograph matters material to the cause.
(2) The following information shall be disclosed by any party upon demand.
(i) The names and addresses of all persons known to have information relevant to the proof or defense of the petition's allegations.
(ii) The statement as defined in this rule of any person furnished in compliance with the preceding paragraph.
(iii) Any written or recorded statement and the substance of any oral statement made by the demanding party or a person alleged to be involved in the same transaction.
(iv) Tangible papers or objects belonging to the demanding party which are to be used at the adjudicatory hearing.
(v) Reports or statements of exports, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(3) The petitioner shall not be entitled to initiate discovery under section (b) of this rule, and the court may, for good cause shown, deny or partially restrict the disclosures provided for by section (b) of this rule.
(4) The disclosures required by this section (b) of this rule shall be made within five (5) days from the receipt of the demand therefor.

(c) Limitations on Disclosure.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2) The following matters shall not be subject to disclosure:
(i) Work Products. Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorney or members of his legal staff.
(ii) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or *405 a failure to disclose his identity will infringe the constitutional rights of the child.

(d) Depositions.
(1) Time and Place.
(i) At any time after the filing of the petition alleging a child to be delinquent the child may take the deposition upon oral examination of any person who may have information relevant to the offense charged. In dependency cases any party may take such deposition.
(ii) The deposition shall be taken in a building where the adjudicatory hearing may be held, in such other place as agreed upon by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county wherein he resides, or is employed, or regularly transacts his business in person.
(2) Procedure.
(i) The party taking the deposition shall give written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined.
(ii) Upon application the court or its clerk shall issue subpoenas for the persons whose depositions are to be taken.
(iii) After notice to the parties the court, for good cause shown, may extend or shorten the time and may change the time or place of taking.
(iv) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination, objections, and the issuance, execution and return of service, shall be the same as that provided by the Florida Rules of Civil Procedure.
(3) Any deposition taken pursuant hereto may be used at any hearing covered by these rules by any party for the following purposes. (i) For the purpose of impeaching the testimony of the deponent as a witness.
(ii) In dependency proceedings, for testimonial evidence when the deponent, whether or not a party, is unavailable to testify because.
(a) He is dead.
(b) He is at a greater distance than one hundred (100) miles from the place of hearing, or is out of the state unless it appears that the absence of the witness was procured by the party offering the deposition.
(c) The party offering the deposition has been unable to procure the attendance of the witness by subpoena.
(d) He is unable to attend or testify because of age, illness, infirmity, or imprisonment.
(e) It has been shown on application and notice that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(f) The witness is an expert or skilled witness.
(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) A person who refuses to obey a subpoena served upon him for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.

(e) Perpetuating Testimony.
(1) After the filing of the petition and upon reasonable notice, any party may apply for an order to perpetuate testimony of a witness. The application shall be verified or supported by the affidavits of credible persons, and shall state that the prospective witness resides beyond the territorial jurisdiction of the court, or may be unable to attend or be prevented from attending the subsequent court proceedings, or grounds exist to believe that *406 he will absent himself from the jurisdiction of the court, and that his testimony is material, and that it is necessary to take his deposition to prevent a failure of justice.
(2) If the application is well founded and timely made, the court shall order a commission to be issued to take the deposition of the witness to be used in subsequent court proceedings, and that any designated books, papers, documents or tangible objects, not privileged, be produced at the same time and place. The commission may be issued to any official court reporter, whether the witness be within or without the state, transcribed by him and filed in the court. The commission shall state the time and place of the deposition and be served on all parties.
(3) No deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(f) Entitlement to Depositions in Delinquency Cases. In delinquency cases, the child shall be entitled to have any statement of the deponent in the possession of the petitioner if he would be so entitled at an adjudicatory hearing. If the movant be the petitioner and the child be in detention, or if the place of deposition be outside the county where the petition is filed, the agency having the child in detention or responsible for the filing of the petition shall be notified of the time and place and shall produce the child at the examination and keep him in the presence of the witness during the examination.
(g) Rules governing depositions, Except as otherwise provided, the rules governing the taking and filing of oral depositions and objections thereto, the issuing, execution, and return of commissions, and the opening of depositions, under the Florida Rules of Civil Procedure, shall apply in cases covered by these rules.
(h) (f) Nontestimonial Discovery. After the filing of the petition, upon application, and subject to constitutional limitations, the court may with directions as to time, place, and method, and upon conditions which are just, require:
(1) The child in all proceedings and the parent or custodian in dependency cases to:
(i) Appear in a line-up.
(ii) Speak for identification by witness to an offense.
(iii) Be fingerprinted.
(iv) Pose for photographs not involving reenactment of a scene.
(v) Try on articles of clothing.
(vi) Permit the taking of specimens of material under his fingernails.
(vii) Permit the taking of samples of his blood, hair and other materials of his body which involve no unreasonable intrusion thereof.
(viii) Provide specimens of his handwriting.
(ix) Submit to a reasonable physical or medical inspection of his body.
(2) Such other discovery as justice may require upon a showing that such would be relevant or material.
(i) (g) Limitations on Discovery. Upon a showing of good cause, the court may, by order, alter the time for compliance with any discovery rule, or restrict or defer any disclosure and may permit any such showing in camera, provided that all material and information to which a party is entitled be disclosed to him in time to make beneficial use thereof.
(j) (h) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which he would have been under a duty to disclose or produce at the time of such previous compliance, he shall promptly disclose or produce such witnesses, evidence, or material in the same *407 manner as required under these rules for initial discovery.
(k) (i) Sanctions.
(1) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(i) Order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(ii) Grant a continuance;
(iii) Grant a mistrial;
(iv) Prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed;
(v) Enter such order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanction by the court.

Rule 8.080. Notice of Defense of Alibi
(a) After a petition has been served the state attorney may demand in writing that the child, if he intends to offer an alibi in his defense, shall provide the state attorney with the details of the alibi as to the time and place where the child claims to have been at the time of the alleged offense and the names and addresses of such witnesses as may appear to testify thereon. The child shall comply as above not less than ten (10) days before the trial date.
(b) The state attorney shall, within five (5) days of the receipt thereof, provide the child with a list of such witnesses as he chooses to call, to rebut the alibi testimony.
(c) Should the child fail or refuse to comply with the provisions hereof, the court may in its discretion exclude testimony of alibi witnesses other than that of the child himself, or, should the state attorney fail to comply herewith, the court may in its discretion exclude rebuttal testimony offered by the state.
(d) For good cause shown, the court may waive the requirements of this rule.

III. D. PLEADINGS, PROCESS, AND ORDERS

Rule 8.090. Style of Pleadings and Orders
All pleadings and orders shall be styled:
"In the interest of _______, a child," or: "In the interest of ________, children."

Rule 8.100. Commencement of Formal Proceedings
All proceedings shall be initiated by the filing of a petition by a person authorized by law to do so. A uniform traffic complaint may be considered a petition, but shall not be subject to the requirements of Rule 8.110.

Rule 8.110. Petitions For Delinquency and Dependency

(a) Contents of Petition.
(1) Each petition shall be entitled either a petition for delinquency or a petition for dependency and shall allege facts showing the child to be dependent or to have committed a delinquent act.
(2) The petition shall contain allegations as to the identity and residence of the parents or custodians, if known.
(3) In petitions alleging delinquency, each count shall recite the official or customary citations of the statute, ordinance, rule, regulation, or other provision of the law which the child is alleged to have violated, including the degree of each offense.
(4) Two or more allegations of dependency, or the commission of delinquent acts may appear in the same petition, in separate counts.
(5) Two or more children may be the subject of the same petition if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses, or if they are alleged to be dependent because of the neglect of, or mistreatment by, the same persons. The children may be named in one or more counts together or separately *408 and all of them need not be named in each count.
(b) Verification. The petition shall be signed by the state attorney, assistant state attorney, or other petitioner, stating under oath his good faith in filing the petition. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(c) Amendments. At any time prior to the adjudicatory hearing an amended petition may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of offenses or for any cause whatsoever. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child, parent, or custodian and prejudice any of them him in the preparation of a defense, the petitioner may be required to furnish a statement of particulars in delinquency cases or a more definite statement in dependency cases.
(e) Prompt Filing. On motion by or in behalf of a child a petition alleging delinquency shall be dismissed with prejudice if it was not filed within forty-five (45) days from the date the complaint was referred to the intake office the time provided by law. However, the court may grant an extension of time not to exceed an additional fifteen (15) days upon motion therefor by the state attorney when, in the opinion of the court, such additional time is justified because of exceptional circumstances as provided by law.

Rule 8.120. Process
(a) Summons. Upon the filing of a petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in cases of medical emergency, the The time of hearing shall not be less than twenty-four (24) hours after service of the summons. If the child is not detained by an order of the court, the summons shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(b) Service. The summons and other process shall be served upon such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known the clerk shall give them notice of the proceedings by mail. Service of process may be waived.
(c) Subpoena. Upon the application of a party, the petitioner, or the state attorney, the clerk shall issue, and the court on its own motion may, issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or other tangible objects at any hearing. This section shall not in any way limit the state attorney's power to issue subpoenas.

Rule 8.130. Responsive Pleadings and Motions

(a) Pleas. No written answer to the petition nor any other pleading need be filed.
(1) In delinquency cases the child may plead guilty, nolo contendere, or not guilty. The court may refuse to accept a plea of guilty or nolo contendere, and shall not accept either plea without first determining that the plea is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such plea and that there is a factual basis for such plea.
(2) In dependency proceedings, the parent, custodian, or any other party except the petitioner may at any hearing after the filing of the petition admit or deny the allegations of the petition or consent to the court adjudicating the child dependent. The court shall determine that the admission or consent is made voluntarily and with a full understanding of the nature of the allegations *409 and the possible consequences of such admission or consent.
(3) (2) After the filing of a petition and prior to the adjudicatory hearing, the child or his counsel, the parent or custodian or their counsel, or an authorized agent of the Department of Health and Rehabilitative Services, on behalf of the child may submit, in lieu of a plea, a plan of proposed treatment, training, or conduct may be submitted on behalf of the child in lieu of a plea. The appropriate agencies of the Department of Health and Rehabilitative Services shall be the supervising agencies for said plan and the terms and conditions of all such plans shall be formulated in conjunction with the supervising agency involved. The submission of a plan is not an admission of the allegations of the petition of delinquency or dependency.
If such a plan is submitted the procedure shall be as follows:
(i) The plan must be in writing, agreed to and signed in all cases by the parents or custodians state attorney, the child, and, when represented, their by his counsel, and, unless excused by the court, by the parents or custodian. In delinquency cases, the plan must also be agreed to and signed by the child and, when represented, by his counsel. An authorized agent of the supervising agency involved shall indicate whether the agency recommends the acceptance of the plan.
(ii) The plan shall contain a stipulation that the speedy trial rule is waived and in delinquency cases shall include the state attorney's consent to defer the prosecution of the petition.
(iii) After hearing, which may be waived by stipulation of the parties and the supervising agency, the court may accept the plan and order compliance therewith, or may reject it. If the plan is rejected by the court, the court shall state on the record the reasons for rejection.
(iv) Violations of the conditions of the plan shall be presented to the court by motion by the supervising agency or by any party. If the court, after hearing, finds a violation has occurred, it may take such action as is appropriate to enforce the plan, modify the plan by supplemental agreement, or it may set the case for hearing on the original petition.
(v) The plan shall be effective for an indeterminate period, or for such period as is stated therein, or until the petition is dismissed.
(vi) Unless otherwise dismissed, the petition may be dismissed on the motion of the person submitting the plan or the supervising agency, after notice of hearing and a finding of substantial compliance with the provisions and intent of the plan.
(4) (3) In delinquency cases a A written answer admitting or denying the allegations of the petition may be filed by the child joined by a parent, custodian or the child's counsel. If the answer admits the allegations of the petition it must acknowledge that the child has been advised of his right to counsel, of his right to remain silent, and of the possible dispositions available to the court and shall include a consent to a pre-dispositional study. Upon the filing of such an answer a hearing for adjudication or adjudication and disposition shall be set at the earliest practicable time.
(5) In dependency cases a written answer admitting or denying the allegations of the petition may be filed by a parent or custodian or by his counsel. If the answer admits the allegations of the petition it shall constitute consent to a pre dispositional study. Upon the filing of such an answer, a hearing for adjudication or adjudication and disposition shall be set at the earliest practicable time.
(6) (4) If, in a delinquency case, a child stands mute or pleads evasively, a plea of not guilty shall be entered by the court. If, in a dependency proceeding, the parent or custodian stands mute or pleads evasively, a plea denying the dependency shall be entered by the court.

*410 (7) (5) The court may for good cause shown at any time prior to the beginning of a disposition hearing permit a plea of guilty or an admission of the allegations of the petition to be withdrawn, and if an adjudication a finding that the child committed a delinquent act has been entered thereon, set aside such adjudication finding and allow another plea to be substituted for the plea of guilty or the admission of the allegations of the petition. In the subsequent adjudicatory hearing the court shall not consider the plea which was withdrawn as an admission.

(b) Pre-Hearing Motions.
(1) Motions in General. Every motion made before a hearing and any pleading in response to the motion shall be in writing and shall be signed by the party making the motion or by his attorney. This requirement may be waived by the court for good cause shown.
(2) Motion to Dismiss. All defenses not raised by a plea of not guilty or denial of the allegations of the petition shall be made by a motion to dismiss the petition.
(i) If a motion to dismiss is granted the child who is detained under an order entered under Rule 8.040 may be continued in detention under the said order upon the representation that a new or amended petition will be filed.
(3) Motion to Suppress in Delinquency Cases. Any confession or admission obtained illegally or any evidence obtained by an unlawful search and seizure may be suppressed on motion by the child.
(i) Contents. Every motion to suppress shall clearly state the particular evidence sought to be suppressed, the reason for the suppression and a general statement of the facts on which the motion is based.
(ii) Time for Filing. The motion to suppress shall be made prior to the adjudicatory hearing unless an opportunity therefore did not exist or the party making the motion was not aware of the grounds for the motion. The court may entertain the motion or an appropriate objection at the adjudicatory hearing.
(iii) (ii) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the moving party shall present evidence in support thereof and the state may offer rebuttal evidence.
(4) Motion to Sever. A motion may be made for the severance of two or more counts in a multi-count petition, or for the severance of the cases of two or more children to be adjudicated in the same hearing. The court may grant motions for severance of counts and severance of jointly-brought cases for good cause shown.
(5) Time for Filing. Any motion to suppress, sever, or dismiss shall be made prior to the date of the adjudicatory hearing unless an opportunity to make such motion previously did not exist or the party making the motion was not aware of the grounds for the motion.

(c) Service of Pleadings and Papers.
(1) Service, When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(2) Service, How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:

*411 (i) Handing it to the attorney or the party;
(ii) Leaving it at the attorney's office with the person in charge thereof;
(iii) If there is no one in charge of the office leaving it in a conspicuous place therein;
(iv) If the office is closed or the person to serve has no office, leaving it at his usual place of abode with some person of his family above fifteen years of age and informing such person of the contents thereof.
(3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court except that the judge may permit the papers to be filed with him in which event he shall note thereon the filing date and transmit them to the office of the clerk.
(5) Certificate of Service. When any authorized person shall in substance certify:
"I do certify that copy (copies) hereof have been furnished to (here insert name or names) by (delivery) (mail) this ____ day of ____, 19__."
 _____________________________
 Title
The certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.
(6) Service of pleadings and orders required to be served as provided by subdivision (2) may be certified by an attorney of record, clerk or deputy clerk, judge, or authorized agent of the Department of Health and Rehabilitative Services in the form provided in subdivision (5).
(d) Time for Service of Motions and Notice of Hearing. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(e) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper upon him and the notice or paper is served upon him by mail, three (3) days shall be added to the prescribed period.
(f) Pleading to be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in his individual name by such attorney, whose address and telephone number, including area code, shall be stated, and who shall be duly licensed to practice law in Florida. He may be required by an order of court to vouch for his authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the paper or pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.
(g) Pleading to be Signed by Unrepresented Party. A party who has no attorney but represents himself shall sign his written pleading or other paper and state his address and telephone number, including area code.

Rule 8.140. Orders
All orders of the court shall be reduced to writing as soon after they are entered as is consistent with orderly procedure and shall contain findings of fact as required by law.

IV. E. EXCEPTIONAL PROCEDURES PRIOR TO ADJUDICATION

Rule 8.150. Waiver of Jurisdiction
(a) On Demand. On demand for waiver of jurisdiction, the court shall enter a written *412 order setting forth the demand, waiving jurisdiction, and certifying the case for trial as if the child were an adult. The demand shall be made, as required in the form provided by law, in writing or orally, prior to the commencement of an adjudicatory hearing. A certified copy of the order shall be furnished the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting officer of the said court child within five (5) days of the demand being made. The court may order that the child be delivered to the sheriff of the county in which the court that is to try him is located.

(b) Involuntary Waiver; Hearing.
(1) Where As provided by law, the state attorney may, within the time provided by law, or later with the approval of the court, and before an adjudicatory hearing and after considering the recommendation of the intake officer, file a motion requesting the court to waive its jurisdiction and certify the case to the appropriate court for trial as if the child were an adult.
(2) Following the filing of the motion of the state attorney, summons shall be issued and served in conformity with the provision of Rule 8.120. A copy of the motion and a copy of the delinquency petition, if not already served, shall be attached to each summons.
(3) No plea to a petition shall be accepted by the court prior to the disposition of the motion to waive jurisdiction.
(4) After the filing of the report required by law, the court shall conduct a hearing on all such the motions to determine the existence of the criteria established by law for waiver of jurisdiction.
(4) (5) After hearing as provided in this rule,
(i) the court may enter an order waiving jurisdiction and certifying the case for trial as if the child were an adult as provided by law. The order shall set forth the basis for waiver of jurisdiction and certification to the appropriate court. A certified copy of the order shall be furnished to the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting officer of the said court within five (5) days of the date of the order. The child shall be delivered immediately to the sheriff of the county in which the court that is to try him as an adult is located.
(5) (ii) If waiver is denied, the same judge, with the consent of the child and the state, may proceed immediately with the adjudicatory hearing.
(c) Bail. If the child is delivered to the sheriff under (a) or (b) above the court shall fix bail in all cases unless it is a capital offense or an offense punishable by imprisonment for life and the proof of guilt is evident or the presumption is great. A certified copy of the order shall be furnished to the sheriff.

Rule 8.160. Transfer of Cases
The court may transfer any case after adjudication, when adjudication is withheld, or when a plan under Rule 8.130(a)(2) has been accepted, to the circuit court for the county of the circuit in which is located the domicile or usual residence of the child or such other circuit court as the judge may determine to be for the best interest of the child. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court, furnishing the clerk and the state attorney of the receiving court within five (5) days a certified copy of the order of transfer and of all previous orders entered by the court in the interest of that child.

Rule 8.170. Procedure When Child Believed to be Incompetent
(a) At Time of Adjudicatory Hearing in Delinquency Cases.
(1) If at any time prior to or during the adjudicatory hearing, the court has reasonable grounds to believe the child named in the petition may be incompetent to proceed with an adjudicatory hearing, the court shall immediately stay the proceedings and fix a time for a hearing for the determination of the child's mental condition.

*413 (2) If at the hearing provided for in (1) above the child is found to be competent to proceed with an adjudicatory hearing, the court shall proceed therewith.
(3) If at the hearing provided for in (1) above the child is found to be incompetent to proceed with the adjudicatory hearing, proceedings shall be commenced for the involuntary hospitalization of the child as provided by law.
(i) If the child is not hospitalized because of the fact that the child does not meet the criteria for involuntary hospitalization according to law, the court may order any non-delinquent treatment for the child in order to restore the child's competence to proceed with an adjudicatory hearing.
(ii) If the child is not hospitalized, or upon his release from the hospital, any interested party or the court on its own motion may call the matter up for the purpose of setting an adjudicatory hearing.
(4) If after any civil proceeding for involuntary hospitalization, the court determines, after hearing, that there is no reasonable probability that the child will become competent for the purpose of an adjudicatory hearing in the foreseeable future and that no progress is being made toward that goal, it shall enter an order dismissing the petition.

(b) At Time of the Offense.
(1) If the child named in the petition intends to plead insanity as a defense, he shall so advise the court in writing not less than ten (10) days in advance of the adjudicatory hearing and shall provide the court with a statement of particulars showing as nearly as he can the nature of the insanity he expects to prove and the names and addresses of witnesses by whom he expects to prove such insanity. Upon the filing of said statement, upon motion of the state, or on its own motion, the court may cause the child to be examined in accordance with the procedures set forth in this rule.
(2) The court, upon good cause shown and in its discretion, may waive the requirements herein set forth and permit the introduction of such defense, or may continue the hearing for the purpose of an examination in accordance with the procedures set forth in the rule. A continuance granted for this purpose will toll the speedy trial rule and the limitation on detention pending adjudication.
(c) Appointment of Expert Witnesses; Detention of Child for Examination.
(1) Where a question has been raised concerning the sanity or compentency of the child named in the petition and the court has set the matter for an adjudicatory hearing or a hearing to determine the mental condition of the child, the court may appoint not exceeding three (3) disinterested qualified experts to examine the child and testify at the hearing. Other competent evidence may be introduced at the hearing. The appointment of experts by the court shall not preclude the state nor the child from calling other expert witnesses to testify at the adjudicatory hearing or at the hearing to determine the mental condition of the child.
(2) The court, in its discretion, may order the child held in detention pending such examination and hearing.

V. F. TIME OF PROCEEDINGS

Rule 8.180. Speedy Trial
(a) Time. Every case in which If a petition has been filed alleging a child to be delinquent or dependent have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If the an adjudicatory hearing is has not begun commenced within ninety (90) days, or an extension thereof as hereinafter provided upon motion timely filed with the court and served upon the prosecuting attorney the petition shall be dismissed with prejudice; provided, the court before granting such motion shall *414 make the required inquiry under subsection (d) of this rule.
(c) Waiver, In a delinquency proceeding the child may voluntarily waive his right to a speedy trial. Commencement. A child shall be deemed to have been brought to trial if the adjudicatory hearing begins before the judge within the time provided.
(d) Extensions of Time. The court may extend the period of time established by this order on motion of any party, after hearing, on a finding that the interest of justice will be served by such extension. The order will recite the reasons for such extension. The general congestion of the court's docket, lack of diligent preparation, or failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for such extension. Motion to Dismiss. If the adjudicatory hearing is not commenced within the periods of time established, a motion to dismiss shall be granted by the court, unless:
(1) The child has voluntarily waived his right to speedy trial;
(2) An extension of time has been ordered under (e); or
(3) The failure to hold an adjudicatory hearing is attributable to the child, a co-respondent in the same adjudicatory hearing, or their counsel; or
(4) The child was unavailable for the adjudicatory hearing. A child is unavailable if:
(i) The child or his counsel fails to attend a proceeding when their presence is required; or
(ii) The child or his counsel is not ready for the adjudicatory hearing on the date it is scheduled.
No presumption of non-availability attaches, but if the state objects to dismissal and presents any evidence tending to show non-availability, the child must, by competent proof, establish availability during the term.
(5) If the court finds dismissal is not appropriate, the pending motion to dismiss shall be denied, and an adjudicatory hearing shall commence within ninety (90) days of a written or recorded order of denial.
(e) Effect of Mistrial, Order of New Trial. A person who is to be tried again shall be brought to trial within ninety (90) days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court, granting a new trial, the date of an order by the trial court granting a motion to vacate a judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial, whichever is last in time. Extension of Time. The period of time established by (a) may be extended as follows:
(1) Stipulation. Upon stipulation, announced to the court or signed by the child or his counsel and the state.
(2) Exceptional circumstances. By written or recorded order of the court on the court's own motion or motion by either party in exceptional circumstances. The order extending the period shall recite the reasons for the extension and the length of the extension. Exceptional circumstances are those which require an extension as a matter of substantial justice to the child or the state or both. Such circumstances include:
(i) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial;
(ii) a showing by the state that the case is so unusual and so complex, due to the number of respondents or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule;
(iii) a showing by the state that specific evidence or testimony is not available, despite diligent efforts to secure it, but will become available at a later time;
(iv) a showing by the child or the state of necessity for delay grounded *415 on developments which could not have been anticipated and which will materially affect the trial;
(v) a showing that a delay is necessary to accomodate a co-respondent, where there is a reason not to sever the cases in order to proceed promptly with trial of the respondent;
(vi) a showing by the state that the child has caused major delay or disruption of preparation or proceedings, as by preventing the attendance of witnesses or otherwise;
(vii) exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
(3) By written or recorded order of the court for a period of reasonable and necessary delay resulting from proceedings including, but not limited to, an examination and hearing to determine the mental competency or physical ability of the respondent to stand trial for hearings or pretrial motions, for appeals by the state, and for adjudicatory hearings of other pending charges against the child.
(f) Permanent Commitment. This rule shall not apply to proceedings for permanent commitment of the child to a licensed child placing agency or to the Department of Health and Rehabilitative Services for subsequent adoption, Speedy Trial Upon Demand.
(1) If the child has waived his right to Speedy Trial under (d), he shall, by written demand filed with the court and upon service upon the prosecuting attorney, be brought to an adjudicatory hearing within sixty (60) days of filing the demand.
(2) A child charged by a petition alleging a delinquent act shall be brought to an adjudicatory hearing within sixty (60) days of filing a written demand with the court and service upon the prosecuting attorney.
(g) Demand for Speedy Trial; Effect. A demand for speedy trial shall be deemed a pleading by the respondent that he is available for the adjudicatory hearing, has diligently investigated his case, and that he is prepared or will be prepared for the adjudicatory hearing within five (5) days. A demand may not be withdrawn by the child, except on order of the court, with consent of the State or on good cause shown. Good cause for continuances or delay on behalf of the accused shall not thereafter include nonreadiness for the adjudicatory hearing, except as to matters which may arise after the demand for the adjudicatory hearing is filed and which could not reasonably have been anticipated by the accused or his counsel.
(h) Dismissal after Demand. If an adjudicatory hearing has not commenced within sixty (60) days after a demand for speedy trial, upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney, the child shall forever be dismissed from the delinquent act; provided, the court before granting such motion shall make the required inquiry under (d).
(i) Effect of Mistrial, Appeal, or Order of New Trial. A child who is to be tried again or whose adjudicatory hearing has been delayed by an appeal by the state or the respondent, shall be brought to trial within ninety (90) days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, or the date of receipt by the trial court of a mandate, order or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the respondent, whichever is last.

VI. G. HEARINGS

Rule 8.190. Adjudicatory Hearings

(a) Appearances; Pleas.
In delinquency cases, t The child, and in dependency cases, the child, the parents, or custodian, shall appear before the court at the time set and, unless a written answer plea has been filed, enter a plea, admit or deny the allegations of dependency or consent to the adjudication of dependency of *416 guilty, not guilty, or, with the consent of the court, nolo contendere.
(b) Preparation of Case. If, in delinquency cases, the child or, in dependency cases, the parent or custodian, pleads not guilty or denies the allegations of the petition the court may proceed at once to an adjudicatory hearing, or may continue the case to allow sufficient time on the court calendar for a hearing or to give the state or any party the child a reasonable time for the preparation of the case.
(c) Trial by Judge. The adjudicatory hearing shall be conducted by the judge without a jury. At this hearing the court determines whether the allegations of the petition have been sustained.
(d) Exclusion of Parties. No party shall be excluded from the hearing unless so ordered by the court for disruptive behavior, and any party shall have the right to examine the witnesses.
(e) Right Against Self-incrimination, Child. Testimony. In all delinquency cases t The child may at his option be sworn as witness and testify in his own behalf. and shall in such case be subject to examination He may be cross-examined as other witnesses,. but n No child shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted to comment on the failure of the child to testify in his own behalf. A child offering no testimony in his own behalf except his own shall be entitled to the concluding argument.
(f) Right Against Self-incrimination, Parent or Custodian. In all dependency cases the parents or custodians who are alleged to have neglected or abused the child shall, if they so elect, be sworn and may testify in their own behalf. In such case they shall be warned that anything they say may be used against them at a subsequent criminal trial. They may be cross-examined as other witnesses.
(g)(e) Joint and Separate Trials. In delinquency cases where When two or more children are alleged to have committed a delinquent act or violation of law, they shall be tried jointly unless the court in its discretion orders separate trials.
(h) (f) Dismissal. If the court shall finds that the allegations in the petition have not been sustained, he it shall enter an order so finding and dismissing the case.
(i) (g) Dispositional Alternatives. If the court finds that the evidence supports the allegations of the petition, it may enter an order of adjudication or withhold adjudication as provided by law. If the pre-disposition report required by law is available, the court may proceed immediately to disposition or continue the case for a disposition hearing. If the report is not available, the court will continue the case for a disposition hearing and refer it to the appropriate agency or agencies for a study and recommendation. If the case is continued the court may order the child detained, designate the place of detention or the agency that will be responsible for his detention.
(j) (h) Degree of Offense. If in a delinquency petition there is alleged an offense which is divided into degrees, the court may find the child committed an offense of the degree alleged or of any lesser degree.
(k) (i) Specifying Offense Committed. If in a delinquency petition more than one offense is alleged the court shall state in its order which offense or offenses it finds the child committed.
(l) (j) Lesser Included Offenses. If in a delinquency petition the offense alleged necessarily includes lesser offenses the court may find the child committed such a lesser offense.
(m) (k) Motion for judgment of dismissal. In all proceedings, if If at the close of the evidence for the petitioner, the court is of the opinion that the evidence is insufficient to warrant an adjudication, it may, and on the motion of any party, shall, enter an order dismissing the petition for insufficiency of the evidence.

Rule 8.200. Disposition Hearing.
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the dispositional considerations, determinations, and discussions *417 required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law, and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child or his parent or custodian that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b) Disclosure to Child or Parent. The child, his attorney, and his parent or custodian shall be entitled to disclosure of all information in the pre-disposition report.

Rule 8.210. Post-Disposition Hearing
(a) Revocation of Community Control Programs. A child who has been placed in a community control program may be brought before the court by the agent supervising his probation or by the state attorney on a petition alleging the violation of the program. All interested persons, including the child, shall have an opportunity to be heard. After such hearing, the court shall enter an order revoking, modifying, terminating, or continuing the community control program. Upon the revocation of the program, the court shall, when the child has been placed in a community control program and adjudication has been withheld, adjudicate the child delinquent. In all cases after a revocation of the program, the court shall enter a new disposition order.
(b) Change of Placement. A child who has been placed in his own home, in the home of a relative, or in some other place, under the supervision of an agency of the Department of Health and Rehabilitative Services, may be brought before the court by the agency supervising the placement or by any interested person on a motion alleging a need for a change in the placement. The court shall hear all parties present, in person, by counsel, or both. After such hearing the court shall enter an order changing the placement, modifying the conditions of it, or continuing it as previously ordered. Nothing in this section shall be construed so as to limit the right of an agency granted custody to determine where and with whom the child shall live.
(c) Foster Care Review in Dependency Cases. Children continuously in foster care shall have their status reviewed as provided by law. All proceedings for judicial review shall be initiated by the filing of a supplemental petition for judicial review by the Department of Health and Rehabilitative Services.
(1) The petition shall allege facts showing the court to have jurisdiction of the cause as a dependency case. It shall contain allegations as to the identity and residence of the parent and custodian, if known, the dates of the original dependency adjudication and any subsequent judicial review proceedings, and a request for one of the following forms of relief:
(i) That the child be continued in foster care,
(ii) That the child be placed in the custody of a parent, guardian, relative, or former custodian,
(iii) That proceedings be instituted to terminate parental rights and legally free the child for adoption.
(2) Report and Recommendations, The Department shall prepare a report as required by law including recommendations for continued foster care, return of the child to a parent, guardian, relative, or former custodian, or for the initiation of proceedings to terminate the parental rights. A copy of the report shall be attached to the petition.
(3) Service. A copy of the petition, report, and recommendations and a notice of review hearing shall be served upon all persons who are required by law to be served prior to the judicial review hearing.
(4) Waiver of Review Hearing. The court may dispense with the attendance of the child at the review hearing or may, with the consent of the parties, dispense with the review hearing as provided by law.

*418 (i) If the court determines that the parties knowingly and intelligently have waived the right to the review hearing, the court shall enter its findings with respect to waiver in writing.
(ii) If the court dispenses with the hearing, the court shall make a determination of the disposition of the case based upon the report of the department and any affidavit submitted to the court.
(b) Retention of Authority over Discharge. When the court has retained authority over discharge of a delinquent child from placement or commitment as provided by law, prior to any discharge from placement or commitment, the Department of Health and Rehabilitative Services shall notify the court, the state attorney, and the child of its intention to discharge the child. Thereafter, any interested party may request a hearing, within the time prescribed by law, to address the discharge.

Rule 8.220. General Provisions For Hearings
Unless otherwise provided, the following provisions apply to all hearings:
(a) Presence of the Child. The child shall be present unless the court finds that the child is so young that to have him appear would be of no value, or that the child's mental or physical condition is such that a court appearance is not in its the child's best interest.
(b) Absence of the Child. If the child is present at the beginning of a hearing and shall thereafter during the progress of the hearing voluntarily absent himself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not thereby be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.
(c) Testimony. The child, in delinquency cases, and the parent or custodian in dependency cases shall, if they so elect be sworn and testify in their own behalf. They may be cross examined as other witnesses.
(d) Invoking the Rule. Prior to the examination of any witness the court may, and on the request of any party in an adjudicatory hearing shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(e) (d) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party.
(f) (e) Record of Testimony. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or by a recording device. The record shall be preserved until the time for taking an appeal has expired for five years from the date of the hearing. Official records of Ttestimony shall be transcribed only upon order of the court.
(g) (f) Notice. Where these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.

VII. H. POST DISPOSITION RELIEF FROM ORDERS AND JUDGMENTS

Rule 8.230. Motion for Rehearing.
(a) Basis. After the court has entered an order ruling on a pretrial motion, an order of adjudication or an order withholding adjudication any party may move for rehearing upon one or more of the following grounds:
(1) That the court erred in the decision of any matter of law arising during the adjudicatory hearing.
(2) That a party did not receive a fair and impartial hearing.
(3) That any party required to be present at the adjudicatory hearing was not present.
(4) That there exists new and material evidence which, if introduced at the hearing, would probably have changed the court's decision and could not with reasonable diligence have been discovered before and produced at the hearing.

*419 (5) That the court is without jurisdiction of the proceeding.
(6) That the judgment is contrary to the law and evidence.

(b) Time and Method.
(1) A motion for rehearing may be made and ruled upon immediately after the court announces its judgment but must be made within ten (10) days of the entry of the order.
(2) If the motion is made in writing, it shall be served as provided in these rules for service of other pleadings.
(3) A motion for rehearing shall not toll the time for the taking of an appeal.

(c) Court Action.
(1) If the motion for rehearing is granted the court may vacate or modify the order or any part thereof and allow additional proceedings as it deems just. It may enter a new judgment, and may order or continue the child in detention pending further proceedings.
(2) The court on its own initiative may vacate or modify any order within the time limitation provided in (b) above.

Rule 8.240. Relief from Judgments or Orders Clerical Mistakes
(a) Clerical mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of any party, after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Rule 8.250. Extraordinary Relief
(b) Extraordinary relief (a) Basis. On motion and upon such terms as are just, the court may relieve a party or his legal representative from an order, judgment, or proceeding for the following reasons:
(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for rehearing.
(3) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of any other party;
(4) That the order or judgment is void.
(b) Time. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was taken. Section (b) does not apply to proceedings involving the permanent commitment of children for subsequent adoption.

Rule 8.250 8.260. Supersedeas on Appeal
(a) Permanent Commitment. The taking of an appeal shall operate as a supersedeas in cases involving a petition for permanent commitment to a licensed child placing agency or any agency of the Department of Health and Rehabilitative Services for subsequent adoption, but the child shall continue in the custody of the agency under the order until the appeal is decided. Granting of Supersedas.
(b) Other Cases. In all other cases the taking of an appeal shall not operate as a supersedeas, but t The court in considering the welfare and best interest of the child and the interest of the public may grant a supersedeas in its discretion on such conditions, with or without bond, as it may fix determine are appropriate.
(c) (b). Preeminence of Rule. This rule shall be to the exclusion of any other court rule providing for supersedeas on appeal.

VIII. SPECIAL PROCEEDINGS

Rule 8.260. Permanent Commitment
(a) Form of Petition. A request for the permanent commitment of a child to an appropriate agency of the Department of Health and Rehabilitative Services or a licensed child placing agency for subsequent adoption may be made in the petition by which formal proceedings are commenced or in a pleading subsequent thereto, but in either event the pleading shall be entitled a Petition for Permanent Commitment and contain allegations of facts necessary to *420 support such a commitment and a request therefor. This pleading shall be verified.
(b) Notice. If a surrender or waiver of notice has been executed as provided by law the original or copy thereof shall be attached to the pleading.
(c) Summons. Upon the filing of a pleading requesting permanent commitment the clerk shall issue a notice of the petition for permanent commitment directing the parties to appear at a certain date and time which shall be served as provided by law. The notice shall contain the following language.
You must either appear at the hearing on the date and at the time specified or file a written response prior to that time. Your failure to appear or respond may be treated as consent to the permanent commitment and you may permanently lose all legal rights as a parent to the child or children named in the Petition for Permanent Commitment attached to this summons.
(d) Birth Certificate. The Petition for Permanent Commitment shall have attached a certified copy of the birth certificate of each child named in the petition unless the petitioner after diligent search and inquiry is unable to produce same, in which case the petition shall state the date and place of birth of each child, unless these matters cannot be ascertained after diligent search and inquiry or for other good cause.
(e) Defaults. If the person served with the Petition for Permanent Commitment fails to respond within the time prescribed a default may be entered by the court. A default may be set aside by the court on the ground of excusable neglect or other good cause shown at any time prior to the expiration of time for filing an appeal. A final judgment based on the default shall not be entered by the court until proof of non-military service has been filed.
(f) Final Judgments. The final judgment permanently committing the child to an appropriate agency of the Department of Health and Rehabilitative Services or to a licensed child placing agency willing to receive the child for subsequent adoption shall be reduced to writing as soon after the hearing as is consistent with orderly procedure and good practice. The court shall incorporate in the judgment a brief statement of the facts which it finds to be true including the appearance or nonappearance of any party and shall thereafter permanently commit the child to an appropriate agency of the Department of Health and Rehabilitative Services or a licensed child placing agency willing to receive the child for subsequent adoption.

IX. I. CONTEMPT

Rule 8.270. Direct Contempt
A contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the person accused of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the court and sentenced therefore. The accused shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.

Rule 8.280. Indirect Contempt
An indirect contempt shall may be prosecuted in the following manner:
(a) Order to Show Cause. The judge on his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the one accused of contempt, stating the essential facts constituting the contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for the preparation of a defense after service of the order on the one accused. It shall be served in the same manner as a summons. *421 Nothing herein shall be construed to prevent the one accused of contempt from waiving the service of process.
(b) Motions; Answer. The accused, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars, or answer such order by way of explanation or defense. All motions and the answers shall be in writing unless specified otherwise by the judge. The accused's omission to file motion or answer shall not be deemed an admission of guilt of the contempt charged.
(c) Order of Arrest; Bail. The judge may issue an order of arrest of the one accused of contempt if the judge has reason to believe he will not appear in response to the order to show cause. The accused shall be admitted to bail in the manner provided by law in criminal cases.
(d) Arraignment; Hearing. The accused may be arraigned at the hearing, or prior thereto upon his request. A hearing to determine the guilt or innocence of the accused shall follow a plea of not guilty. The judge may conduct a hearing without assistance of counsel or may be assisted by the state attorney or by an attorney appointed for that purpose. The accused is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense. All issues of law and fact shall be determined by the judge.
(e) Disqualification of the Judge. If the contempt charged involves disrespect to or criticism of a judge, he shall be disqualified by the Chief Judge of the circuit.
(f) Verdict; Judgment. At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.
(g) The Sentence. Prior to the pronouncement of sentence the judge shall inform the defendant of the accusation and judgment against him and inquire as to whether he has any cause to show why sentence should not be pronounced. The accused shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the one found guilty of contempt.

X. J. GENERAL PROVISIONS

Rule 8.290. Providing Counsel to Parties
(a) Duty of the Intake Officer. In addition to the duties otherwise provided by law, the intake counselor at his initial interview shall have the following duties in cases of delinquency.
(1) He shall immediately advise the child of the following rights:
(i) That he has a right to counsel;
(ii) That if the child is unable to pay a lawyer and if his parents or guardians have not provided a lawyer, one can be provided immediately at no charge.
(iii) That he is not required to say anything and that anything he says may be used against him.
(iv) If his parent, custodian or counsel is not present, that he has a right to communicate with them and that, if necessary, reasonable means will be provided for him to do so.
(2) Unless the child waives counsel as hereinafter provided, and if the child advises the intake officer he cannot afford a lawyer and that his parents or guardians cannot or will not provide a lawyer, the intake officer shall immediately and effectively place the child in communication with the office of the public defender of the circuit in which the child was taken into custody.
(3) If the child indicates that he has an attorney or is able to retain a lawyer or if the parents or guardians indicate that they will provide the lawyer, the intake officer shall immediately and effectively place said child in communication with that attorney or with the lawyer referral service of the local bar association.
(b) Duty of the Public Defender. The public defender of each judicial circuit, upon being contacted by or on behalf of a *422 child who is or represents himself to be indigent as defined by law, may forthwith interview said child and
(1) If the child is in custody and reasonably appears to be indigent, the public defender shall tender to him such advice as is indicated by the facts of the case and otherwise represent such child pending a formal judicial determination of indigency.
(2) If the child is not in custody, the public defender shall elicit only such information from the child as may be reasonably relevant to the question of indigency and of the parents' intent to provide a lawyer and shall immediately seek a formal judicial determination of indigency. If the court finds the child indigent, it shall immediately appoint counsel to represent said child.

(c) Duty of the Court.
(1) In delinquency cases, t The court shall advise the child of his right to counsel. If the child is insolvent the court shall appoint counsel unless waived as provided herein.
(2) In dependency cases, where permanent loss of parental rights or criminal child abuse charges might result, the court shall advise insolvent parents and custodians who are so entitled of the right to appointed counsel and shall appoint counsel to insolvent persons who are so entitled as provided by law, unless the right to counsel is knowingly and intelligently waived. The court shall enter its findings in writing with respect to the appointment or waiver of counsel for insolvent parties.

(d) (b) Waiver of Counsel.
(1) The failure of a child to request appointment of counsel or his announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child's comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than two attesting witnesses. Said witnesses shall attest the voluntary execution thereof.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.

Rule 8.300. Guardian Ad Litem
(a) At any stage of the proceedings, the court may appoint a guardian ad litem to represent any for the child alleged to be delinquent or dependent.
(b) The court shall appoint a guardian ad litem to represent the child in any child abuse or neglect proceedings.
(c) The guardian ad litem shall be an attorney or other responsible adult and shall have the following responsibilities:
(1) To investigate the allegations of the petition and, unless excused by the court, to file a written report. This report shall include a statement of the wishes of the child and the recommendations of the guardian ad litem, and shall be filed at least 48 hours prior to the dispositional hearing.
(2) To be present at all court hearings unless excused by the court.
(3) To represent the interests of the child until the jurisdiction of the court over the child terminates, or until excused by the court.
(4) To perform such other duties and undertake such other responsibilities as the court may direct.
*423 (d) A guardian ad litem shall not be required to post bond but shall file an acceptance of the office.
(e) A guardian ad litem shall be entitled to receive service of pleadings and papers as provided by Rule 8.130(c).
(f) The duties of lay guardians shall not include the practice of law.
Committee Note: It is intended that the guidelines in proposed rule 8.560(c) will be used in connection with this rule.

Rule 8.310 [Reserved]

Rule 8.320. Disqualification of Judge
(a) Movant. Any party may move to disqualify the judge assigned to hear the cause for any ground provided by law.
(b) Form of Motion. Every motion to disqualify shall be in writing and be accompanied by two or more affidavits setting forth facts relied upon to show the grounds of disqualification, and a certificate of counsel of record that the motion is made in good faith.
(c) Time. A motion to disqualify a judge shall be filed no less than ten (10) days before the time the case is set for hearing unless good cause is shown for failure to file within such time.
(d) Challenged Judge; Responsibility. The judge presiding shall examine the motion and supporting affidavits to disqualify him for prejudice to determine their legal sufficiency only, but shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification. If the motion and affidavits are legally sufficient, the presiding judge shall enter an order disqualifying himself and proceed no further therein. Another judge shall be designated in a manner prescribed by applicable laws or rules for the substitution of judges for the trial of causes where the judge presiding is disqualified.
(e) Substituted Judge; Responsibility. When a party shall have suggested the disqualification of a trial judge and an order shall have been made admitting the disqualification of such judge, and another judge shall have been assigned to act in lieu of the judge so held to be disqualified the judge so assigned shall not be disqualified on account of alleged prejudice against the party making the motion in the first instance, or in favor of the adverse party, unless such judge shall admit and hold that it is then a fact that he, the said judge, does not stand fair and impartial between the parties and if such judge shall hold, rule and adjudge that he does stand fair and impartial as between the parties and their respective interest, he shall cause such ruling to be entered on the minutes of the court, and shall proceed to preside as judge in the pending cause. The ruling of such judge may be reviewed by the appellate court, as are other rulings of the trial court.

Rule 8.330. Computation and Enlargement of Time
(a) Computation. In computing any period of time prescribed or allowed by these rules, except Rules 8.040 and 8.050, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday, or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor a legal holiday. When the period of time prescribed or allowed shall be less than seven (7) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.
(b) Enlargement of Time. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion (1) with or without notice, order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it *424 may not, except as provided by law or elsewhere in these rules, extend the time for making a motion for a new trial, a motion for rehearing, judgment of acquittal, vacation of judgment, or for taking an appeal. This rule shall not be construed to apply to detention hearings.

Rule 8.340. Parties [Reserved]
For the purpose of these rules the terms "party" and "parties" shall include the petitioner, the child, and every person upon whom service of summons is required by law. The court may add additional parties.

PART II: DEPENDENCY PROCEEDINGS

Rule 8.500. Scope and Purpose
These rules shall govern the procedures in the Circuit Court in the exercise of its jurisdiction relating to juvenile dependency proceedings.
They are intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
They shall be known as the Florida Rules of Juvenile Procedure, and may be cited as Fla.R.Juv.P.
When appropriate the use of singular nouns and pronouns shall be construed to include the plural and the use of plural nouns and pronouns shall be construed to include the singular. The use of male pronouns shall be construed in the universal sense of both male and female.
Committee Note: Dependency proceedings under Chapter 39 and 409, Florida Statutes, have been separated in these rules from delinquency proceedings. The dependency proceedings section has been created to outline procedures for the conduct of dependency cases which are more civil in nature as distinguished from the conduct of delinquency cases.

Rule 8.510. Commencement of Proceedings
All proceedings shall be initiated by the filing of one of the following pleading: (1) a request to take into custody; (2) a detention petition; (3) a petition alleging dependency; or (4) a petition for permanent commitment.
Committee Note:
Dependency proceedings may be initiated by the filing, by any person, of any of the documents listed. Detention petition is used to be consistent with language in Chapter 39; however, it is understood that dependent children must be placed in shelter facilities only,  39.01(31).

Rule 8.520. Application of Uniform Child Custody Jurisdiction Act
Any pleading filed commencing proceedings as set forth in Rule 8.510 shall be accompanied by an affidavit, to the extent of affiant's personal knowledge, under the Uniform Child Custody Jurisdiction Act. Each party has a continuing duty to inform the court of any custody proceeding in this or any other state of which he obtains information during the proceeding.
Committee Note:
Requires that an affidavit in compliance with  61.132 accompany initial filing in court.

Rule 8.530. Transfer of Cases
(a) Transfer of Cases Within Circuit Court. If it should appear at any time in a proceeding initiated in a division other than the juvenile division of the circuit court that facts are alleged which essentially constitute a dependency, the court may upon consultation with the juvenile division order the transfer of action and the transmittal of all relevant papers to the juvenile division. The juvenile division shall then assume jurisdiction only over matters pertaining to dependency, custody and visitation.
(b) Transfer of Cases Within the State of Florida. The court may transfer any case after adjudication, when adjudication is withheld, when a plan under Rule 8.760 has been accepted, or before adjudication where witnesses are available in another jurisdiction, to the circuit court for the county in which is located the domicile or usual residence of the child or such other circuit as the judge may determine to be *425 for the best interest of the child and to promote the efficient administration of justice. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court, furnishing all parties, the clerk, and the state attorney of the receiving court a copy of the order of transfer within five (5) days. The clerk shall also transmit a certified copy of the file to the receiving court within five (5) days.
(c) Transfer of Cases Among States. If it should appear at any time that an action is pending in another state, the court may transfer jurisdiction over the action to a more convenient forum state, may stay the proceedings, or may dismiss the action.
Committee Note:
(a) This rule is designed to prevent fragmentation of cases and discourage forum-shopping among divisions in the same circuit. Although all divisions of circuit court have concurrent jurisdiction in juvenile matters, it is the intent of the law to encourage coordination among divisions, not conflict. Ponce v. Children's Home Society, 97 So.2d 194 (Fla. 1957).
(b) Allows transfer prior to adjudication where witnesses reside in another part of the state, thereby avoiding hardship and excessive costs.
(c) The rule is designed to deal with the frequent problem of pending juvenile actions in different states. Jurisdiction can be transferred pursuant to the Uniform Child Custody Jurisdiction Act, F.S. 61.1302 et seq., the Interstate Compact on the Placement of Children, F.S. 409.401 et seq., and the Interstate Compact on Juveniles, F.S. 39.51 et seq.

Rule 8.540. Parties
For the purpose of these rules the terms "party" and "parties" shall include the petitioner, the child, and every person upon whom service of summons is required by law, including the guardian ad litem, where appointed. The court may add additional parties.
Committee Note:
A guardian ad litem, where appointed, is a party who represents a separate interest in the cause, i.e., the best interest of the child.

Rule 8.560. Providing Counsel to Parties

(a) Duty of the Court.
(1) At each stage of the proceeding the court shall advise the parent, guardian or custodian of their right to have counsel present. The court shall appoint counsel to insolvent persons who are so entitled as provided by law. The court shall ascertain whether the right to counsel is understood and where appropriate, knowingly and intelligently waived. The court shall enter its findings in writing with respect to the appointment or waiver of counsel for insolvent parties as aforementioned.
(2) The court may appoint an attorney for the parent, guardian or custodian of a child, as provided by law.

(b) Waiver of Counsel.
(1) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel made in court shall be of record. A waiver made out of court shall be in writing with not less than two attesting witnesses, and shall be filed with the court. Said witnesses shall attest the voluntary execution thereof.
(3) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.
Committee Note:
(a)(1) Court is required to advise parents at each stage of proceedings of the right to counsel. Appointment of counsel for indigent parents shall accord with case law applicable in jurisdiction.
*426 (2) Court may appoint counsel at its discretion.
(b)(2) Requires that out of court waivers of counsel be filed with the court.

Rules 8.590. Guardian Ad Litem
(a) At any stage of the proceedings, any party may request or the court may appoint a guardian ad litem to represent any child alleged to be dependent.
(b) The court shall appoint a guardian ad litem to represent the child in any child abuse or neglect proceedings, and shall ascertain at each stage of the proceedings whether a guardian ad litem has been appointed.
(c) The guardian ad litem shall be an attorney or other responsible adult and shall have the following responsibilities:
(1) To investigate the allegations of the petition and any subsequent matters arising in the case and, unless excused by the court, to file a written report. This report shall include a statement of the wishes of the child and the recommendations of the guardian ad litem, and shall be provided to all parties and the court at least 48 hours prior to the disposition hearing.
(2) To be present at all court hearings unless excused by the court.
(3) To represent the interests of the child until the jurisdiction of the court over the child terminates, or until excused by the court.
(4) To perform such other duties and undertake such other responsibilities as the court may direct.
(d) A guardian ad litem shall not be required to post bond but shall file an acceptance of the office.
(e) A guardian ad litem shall be entitled to receive service of pleadings and papers as provided by Rule 8.630.
(f) The duties of lay guardians shall not include the practice of law.
Committee Note:
The appointed guardian ad litem represents the best interests of the child as opposed to representing the child within the context of counsel-client relationships.
(a) Allows for parties to request appointment of guardian ad litem.
(b) Requires court to inquire whether guardian ad litem has been appointed as required by law at each stage of the proceeding.
(c) Guardian ad litem required to investigate matters arising in the case after the filing of a petition; changes requirement of submitting report to court by filing to providing copies to all parties.

Rule 8.600. Style of Pleading and Orders
All pleadings and orders shall be styled: "In the interest of ________, a child," or: "In the interest of ________, children."

Rule 8.610. General Provisions for Hearings
(a) Presence of Child. The child shall be present at the hearing unless excused by the court or the court finds that the child's mental or physical condition or age is such that a court appearance is not in the best interest of the child. Any party may file a motion to excuse the presence of the child.
(b) In-camera proceedings. The child may be examined by the court outside the presence of other parties under circumstances as provided by law. The court shall assure that the proceedings are recorded unless otherwise stipulated by the parties.
(c) Invoking the Rule. Prior to the examination of any witness the court may, and on the request of any party shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(d) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party.
(e) A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or by a recording device. The records of testimony shall be preserved as required by *427 law. Official records of testimony shall be transcribed only on order of the court.
(f) Notice. Where these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
Committee Note:
(b) Allows for the taking of in camera testimony by the court as provided by law. Such testimony must be recorded unless the parties stipulate otherwise.
(c) Records of testimony must be kept in accordance with Chapter 39; court order is necessary only for the transcription of official records.

Rule 8.620. Computation and Enlargement of Time
(a) Computation. In computing any period of time prescribed or allowed by these rules, except Rule 8.700 and 8.710, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday, or a legal holiday. When the period of time prescribed or allowed shall be less than seven (7) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.
(b) Enlargement of Time. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion (1) with or without notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not, except as provided by law or elsewhere in these rules, extend the time for making a motion for new trial, a motion for rehearing, vacation of judgment, or for taking an appeal. This rule shall not be construed to apply to detention hearings.

(c) Time for Service
(1) Motions and Notice of Hearing. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(2) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper upon him and the notice or paper is served upon him by mail, three (3) days shall be added to the prescribed period.

Rule 8.630. Process

(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in cases of medical emergency, the time of hearing shall not be less than twenty-four (24) hours after service of the summons. If the child is not detained by an order of the court, the summons shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Upon the application of a party, the petitioner, or the state attorney, the clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or other tangible objects at any hearing. This section shall not in any way limit the state attorney's power to issue subpoenas.
(3) Service. The summons and other process shall be served upon such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known the clerk shall give them notice of the proceedings by mail. Service of process may be waived.

(b) Service of Pleadings and Papers.

*428 (1) Service, When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(2) Service, How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(i) Handing it to the attorney or the party;
(ii) Leaving it at the attorney's office with the person in charge thereof;
(iii) If there is no one in charge of the office leaving it in a conspicuous place therein;
(iv) If the office is closed or the person to serve has no office, leaving it at his usual place of abode with some person of his family above fifteen years of age and informing such person of the contents thereof.
(3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court except that the judge may permit the papers to be filed with him in which event he shall note thereon the filing date and transmit them to the office of the clerk.
(5) Certificate of Service. When any authorized person shall in substance certify:
"I do certify that copy (copies) hereof have been furnished to (here insert name or names) by (delivery) (mail) this ____ day of ____, 19__."
 __________________________
 Title
This certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.
(6) Service of pleadings and orders required to be served as provided by subdivision (2) may be certified by an attorney of record, clerk or deputy clerk, judge, or authorized agent of the Department of Health and Rehabilitative Services in the form provided in subdivision (5).

Rule 8.640. Pleadings to be Signed
(a) Pleading to be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in his individual name by such attorney, whose address and telephone number, including area code, shall be stated, and who shall be duly licensed to practice law in Florida. He may be required by an order of court to vouch for his authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the paper or pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.
(b) Pleading to be Signed by Unrepresented Party. A party who has no attorney but represents himself shall sign his written pleading or other paper and state *429 his address and telephone number, including area code.

Rule 8.650. Orders
All orders of the court shall be reduced to writing as soon after they are entered as is consistent with orderly procedure and shall contain findings of fact as required by law.

Rule 8.700. Taking Into Custody
(a) Affidavit. An affidavit or verified petition may be filed by any person alleging facts under existing law sufficient to establish grounds to take a child into custody. The affidavit or verified petition shall:
(1) be in writing and signed;
(2) specify the name, address and sex of the child or, if unknown, designate him by any name or description by which he can be identified with reasonable certainty;
(3) specify that the child is of an age subject to the jurisdiction of the court;
(4) state the reasons why the child is being taken into custody.
(b) Criteria for Order. The court may issue an order to take a child into custody based on sworn testimony meeting the criteria set forth in Rule 8.700(a).
(c) Order. The order to take into custody shall:
(1) be in writing and signed;
(2) specify the name, address and sex of the child or, if unknown, designate him by any name or description by which he can be identified with reasonable certainty;
(3) specify that the child is of an age subject to the jurisdiction of the court;
(4) state the reasons why the child is being taken into custody;
(5) order that the child be detained in a suitable place pending a detention hearing as provided by law;
(6) state the date when issued, and the county and court where issued.
(d) Notification of Right to Attend Detention Hearing. Upon execution of the order, the parents or custodian shall be notified in writing of their right to appear before the court for a detention hearing which shall be held within 24 hours, with or without counsel on the question of the child's detention at a time and place designated in the notice.
Committee Note:
Outlines procedure for affidavit, petition and notice not previously identified. An affidavit or petition must be accompanied by an affidavit as required by 8.530 (UCCJA).

Rule 8.710. Detention Petition, Hearing and Order
(a) Detention Petition. If a child is to be placed in a shelter after being taken into custody for a period longer than 24 hours, the person requesting placement shall file a written petition which shall:
(1) specify the name, address, and sex of the child, or if unknown, designate him by any name or description by which he can be identified with reasonable certainty.
(2) specify that the child is of an age subject to the jurisdiction of the court.
(3) state the reasons why the child needs to be placed in a shelter.
(4) recommend where the child is to be placed or the agency to be responsible for placement;
(5) be signed by an authorized agent of the Department of Health and Rehabilitative Services or by the state attorney or assistant state attorney.

(b) Detention Hearing.
(1) An authorized agent of the department shall make a diligent effort to notify the parent or custodian of the child of the hearing in the most expeditious method available.
(2) The court shall conduct an informal hearing on the petition within 24 hours, excluding Sundays and legal holidays, from the time the child is taken into custody. The court shall determine at the hearing the existence of probable cause to believe the child is dependent and whether the other criteria provided by law for placement in a shelter have been met.

*430 (3) The issue of probable cause shall be determined in a nonadversary manner, applying the standard of proof necessary for an arrest warrant.
(4) At the hearing all interested persons present shall have an opportunity to be heard on the criteria for placement as provided by law.
(5) The court may base its determination on sworn complaint, testimony or affidavit; and may hear all relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing.
(6) The court shall advise the parent or custodian of:
(i) the right to be represented by counsel as provided by law;
(ii) the reason for the child being in custody and why continued placement is requested.
(iii) the right to present placement alternatives.

(c) Detention Order.
(1) The court shall not proceed with entry of a detention order in the absence of the parent or legal custodian except for good cause shown. Absence of the parent or legal custodian shall not invalidate the proceedings or the order after the court has made such a finding.
(2) The order shall be in writing and shall:
(i) state the name, age, and sex of the child and if his age is unknown, that he is believed to be of an age which makes him subject to the jurisdiction of the court;
(ii) include findings that probable cause to believe the child is dependent exists and that the criteria provided by law for continued placement of the child have been met. If the court finds that such probable cause does not exist, it shall forthwith release the child from shelter care. If the court finds that one or more of the statutory criteria for placement exist, but is unable to make a finding on the existence of probable cause, it may retain the child in shelter care and continue the hearing for the purpose of determining the existence of probable cause to a time within 72 hours of the time the child was taken into custody. The court may, on a showing of good cause, continue the hearing a second time for not more than 24 hours beyond the 72-hour period. Release of the child based on no probable cause existing shall not prohibit the filing of a petition and further proceedings thereunder, but shall prohibit the holding of the child in shelter care prior to the adjudicatory hearing;
(iii) designate the place where the child is to be placed or the person or agency that will be responsible for his placement along with any special conditions found to be necessary;
(iv) state the date and time where issued;
(v) state whether the child may be released from shelter at the discretion of the Department of Health and Rehabilitative Services.
(d) Release from Shelter Care. No child shall be released from shelter after a detention order has been entered except on order of the court unless the detention order authorized release by the Department of Health and Rehabilitative Services.
Committee Note:
Combines Rules 8.040 and .050 for clarification and provides that rule applies only where child is already in custody and where detention petition is filed only for the purpose of continued detention by the court. Includes explanation of probable cause and standard of proof formerly in rule and provides that court should determine appointment of counsel at detention hearing whenever possible. Petition must be accompanied by an affidavit pursuant to Rule 8.530 (UCCJA).

Rule 8.720. Petitions

(a) Contents of Petition.
(1) A petition may be filed by any person. Each petition shall be entitled a petition for dependency and shall allege *431 sufficient facts showing the child to be dependent based upon applicable law.
(2) The petition shall contain allegations as to the identity and residence of the parents or custodians, if known.
(3) The petition shall identify the age, sex and name of the child. Two or more children may be the subject of the same petition.
(4) Two or more allegations of dependency may appear in the same petition, in separate counts.
(b) Verification. The petition shall be signed by the state attorney, assistant state attorney, or other petitioner, stating under oath his good faith in filing the petition. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(c) Amendments. At any time prior to an adjudicatory hearing, an amended petition may be filed or the petition may be amended by motion; however, after a written answer or plan has been filed, amendments shall be permitted only with the permission of the court, unless all parties consent. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of counts. If the court is of the opinion that the petition is so vague, indistinct and indefinite as to mislead the child, parent, or custodian and prejudice any of them in the preparation of a defense, the petitioner may be required to furnish a more definite statement.
(e) Voluntary Dismissal. At any time prior to entry of an order of adjudication, the petition for dependency may be voluntarily dismissed by petitioner without leave of the court by serving a notice of dismissal on all parties, or if during a hearing, by so stating on the record. Unless otherwise stated, the dismissal shall be without prejudice.
(f) Involuntary Dismissal. If an adjudicatory hearing is not begun within 180 days of the date the child was taken into custody or the date the petition was filed, whichever occurs first, the petition for dependency shall be dismissed with prejudice on motion and hearing. The court may extend the period of time established by this rule on motion of any party, after hearing, on a finding that the interest of justice will be served by such extension. The order granting the extension shall be in writing and shall state the reasons for the extension. The general congestion of the court's docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for an extension.
Committee Note:
(a) The petition must be accompanied by an affidavit pursuant to Rule 8.530 (UCCJA).

Rule 8.730. Answers; Arraignments and Pre-hearing Conferences
(a) Answers. The parent or custodian of the child may enter an oral or written answer to the petition or remain silent. If the parent or custodian remains silent or pleads evasively, the court shall enter a denial of dependency. The court shall determine that any admission or consent to finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such admission or consent, and that the parent or custodian has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts of dependency, by whom committed and facts upon which the findings are based. If the answer admits the allegations of the petition it shall constitute consent to a pre-disposition study.
(b) Arraignment. Prior to the adjudicatory hearing the court may conduct a hearing *432 to determine whether an admission, consent or denial to the petition shall be entered, and whether the parties are represented by counsel or are entitled to appointed counsel as provided by law. If an admission or consent is entered, the court shall proceed as set forth in Rule 8.780. If a denial is entered the court shall set an adjudicatory hearing within the period of time provided by law and appoint counsel when required.
(c) Withdrawal of Plea. The court may at any time prior to the beginning of a disposition hearing permit an admission of the allegations of the petition to be withdrawn, and if an adjudication has been entered thereon, set aside such adjudication. In the subsequent adjudicatory hearing the court shall disregard an admission that has been withdrawn.
(d) Pre-Hearing Conference. Prior to the conduct of any adjudicatory hearing the court may set or the parties may request that a pre-hearing conference be held to determine the order in which each party may present witnesses or evidence and the order in which cross-examination and argument shall occur. The court may also enter findings on the record of any stipulations entered into by the parties, and consider any other matters which may aid in the conduct of the adjudicatory hearing.
Committee Note:
(a) A "consent" to a finding of dependency is equivalent to a stipulation that the petition alleges a prima facie case of dependency upon which the court may enter a finding. It does not constitute an admission or denial of the truth of the allegations, but is a consent for the court to make findings of dependency based upon the allegations of the petition.

Rule 8.740. Responsive Pleadings and Motions
(a) Motions in General. An application to the court for an order shall be made by motion which shall be in writing unless made during a hearing; shall be signed by the party making the motion or by his attorney; shall state with particularity the grounds therefor and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
(b) Motion to Dismiss. Any party may file a motion to dismiss any petition or other pleading, setting forth the grounds on which the motion is based. If a motion to dismiss is granted where a child is being detained under an order, the child may be continued in shelter under previous order of the court upon the representation that a new or amended petition will be filed.
(c) Motion to Sever. A motion may be made for a severance of two or more counts of a multi-count petition, or for the severance of the cases of two or more children alleged to be dependent in the same petition. The court may grant motions for severance of jointly-brought cases for good cause shown.

Rule 8.750. Examinations, Evaluation and Treatment.
(a) Child. Mental or physical examination of a child may be obtained as provided by law.
(b) Parent, Guardian or Other Person Requesting Custody. At any time after the filing of a petition, when the mental or physical condition, including the blood group, of a parent, guardian or other person requesting custody of a child is in controversy, the court may order the person to submit to a physical or mental examination by a qualified professional. The order may be made only on good cause shown and on notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made. The court may, on its own motion or the motion of any party, order a parent, guardian or other person requesting custody of the child to undergo such evaluation, treatment or counseling activities as authorized by law.
Committee Note:
(a) Creates procedure for dependent children as provided by law where previously silent.
*433 (b) Allows for court to order evaluation, treatment or counseling as to child and as to parent or other person consistent with Fruh v. State Department of Health and Rehabilitative Services, 430 So.2d 581 (Fla. 5th DCA 1983), where provided by law.

Rule 8.760. Plans and Stipulations

(a) Plans.
(1) After the filing of a petition at any time and prior to an adjudicatory hearing, any party on behalf of a child may submit in lieu of an answer, a plan of proposed treatment, training, or conduct. The Department of Health and Rehabilitative Services shall supervise the plan unless another agency is appointed by the court and the terms and conditions of all such plans shall be formulated in conjunction with the supervising agency involved. The submission of the plan is not an admission of the allegations of the petition of dependency, unless otherwise stated.
(2) The plan must be in writing and shall be agreed to and signed in all cases by the parents or custodians and, when represented, their counsel; whenever possible, by the child; and when appointed or represented, by the guardian ad litem and/or counsel. The authorized agent of the department, and any other interested person, shall indicate whether they recommend the acceptance of the plan.
(3) The court shall conduct a hearing on acceptance of the plan, which hearing may be waived by oral or written stipulation of all parties and the supervising agency or person. The court shall provide an opportunity for all parties to be heard on contested issues; may accept or reject the plan or any parts thereof and shall enter a written order in compliance therewith.
(4) Violations of the conditions of the plan shall be presented to the court by a motion alleging a violation by any party during the pendency of the plan. If the court, after hearing, finds a violation has occurred, it may take such action as is appropriate to enforce the plan, modify the plan by supplemental agreement, or it may set the case for hearing on the original petition.
(5) The plan shall set forth the period of time that it shall be in effect. Unless otherwise dismissed, the petition may be dismissed on the motion of any party participating in the plan after notice of hearing and a finding of substantial compliance with the provisions and intent of the plan.

(b) Stipulations.
(1) The parties to the action may at any stage of the proceedings submit a written stipulation to the court.
(2) The stipulation shall be signed wherever possible by the child.
(3) The stipulation shall include findings of fact, a statement of placement of the child and the conditions relating thereto, the supervising agent, and responsibilities of the parties, the period of time that the stipulation shall remain in effect, the agreement of all parties, and the period of time within which the court shall review compliance therewith.
(4) Procedures for acceptance of, violation of and compliance with stipulations shall be conducted in accordance with sub-section (a) of this rule.

Rule 8.770. Discovery

(a) Required Disclosure
(1) At any time after the filing of a petition alleging a child to be a dependent child, on written demand of any party, the party to whom the demand is directed shall disclose to him and permit him to inspect, copy, test or photograph matters material to the cause.
(2) The following information shall be disclosed by any party upon demand:
(i) The names and addresses of all persons known to have information relevant to the proof or defense of the petition's allegations.
(ii) The statement as defined in this rule of any person furnished in compliance with the preceding paragraph.

*434 (iii) Any written or recorded statement and the substance of any oral statement made by the demanding party or a person alleged to be involved in the same transaction.
(iv) Tangible papers or objects belonging to the demanding party which are to be used at the adjudicatory hearing.
(v) Reports or statements of experts, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(3) The petitioner shall be entitled to reciprocal discovery but shall not be entitled to initiate discovery under this rule, and the court may, for good cause shown, deny or partially restrict the disclosures provided for discovery sought by sections (a)(1) and (2) of this rule.
(4) The disclosures required by section (a) of this rule shall be made within five (5) days from the receipt of the demand therefor.

(b) Limitations on Disclosure.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2) Work Products. Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorney or members of his legal staff.
(3) Discovery shall be subject to constitutional limitations.

(c) Depositions.
(1) Time and Place.
(i) At any time after the filing of the petition alleging a child to be dependent any party may take the deposition upon oral examination of any person who may have information relevant to the allegations of the petition.
(ii) The deposition shall be taken in a building where the adjudicatory hearing may be held, in such other place as agreed upon by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county wherein he resides, or is employed, or regularly transacts his business in person.
(2) Procedure.
(i) The party taking the deposition shall give written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined.
(ii) Upon application the court or its clerk shall issue subpoenas for the persons whose depositions are to be taken.
(iii) After notice to the parties the court, for good cause shown, may extend or shorten the time and may change the place of taking.
(iv) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination, shall be the same as that provided by the Florida Rules of Civil Procedure.
(3) Any deposition taken pursuant hereto may be used at any hearing covered by these rules by any party for the following purposes:
(i) For the purpose of impeaching the testimony of the deponent as a witness;
(ii) For testimonial evidence when the deponent, whether or not a party, is unavailable to testify because:
(a) He is dead.
(b) He is at a greater distance than one hundred (100) miles from the place of hearing, or is out of the state unless it appears that the absence of the witness was procured by the party offering the deposition.
(c) The party offering the deposition has been unable to procure the attendance of the witness by subpoena.

*435 (d) He is unable to attend or testify because of age, illness, infirmity or imprisonment.
(e) It has been shown on application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(f) The witness is an expert or skilled witness.
(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) A person who refuses to obey a subpoena served upon him for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Except as provided in section (3) above, no deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself by procurement, inducements or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(d) Perpetuating Testimony Before Action or Pending Appeal.
(1) Before Action.
(i) Petition. A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show:
(a) that the petitioner expects to be a party to an action cognizable in a court of Florida, but is presently unable to bring it or cause it to be brought;
(b) the subject matter of the expected action and his interest therein;
(c) the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it;
(d) the names or a description of the persons he expects will be adverse parties and their names and addresses so far as known; and
(e) the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each and shall ask for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition for the purpose of perpetuating their testimony.
(ii) Notice and Service. The petitioner shall thereafter serve a notice on each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court at a time and place therein for an order described in the petition. At least twenty days before the date of the hearing, the notice shall be served either within or without the county in the manner provided by law for serving of summons but if such service cannot with due diligence be made on any expected adverse party named in the petition, the court may make an order for service by publication or otherwise, and shall appoint an attorney for persons not served in the manner provided by law for service of summons who shall represent them and if they are not otherwise represented, shall cross-examine the deponent.
(iii) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the deposition shall be taken on oral examination *436 or written interrogatories. The deposition may then be taken in accordance with these rules and the court may make orders in accordance with the requirements of these rules. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.
(iv) Use of Deposition. If a deposition to perpetuate testimony is taken under these rules, it may be used in any action involving the same subject matter subsequently brought in any court of Florida in accordance with the provisions of section (c)(3).
(2) Pending Appeal. If an appeal has been taken from a judgment of any court or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the court. In such case the party who desires to perpetuate the testimony may make a motion for leave to take the deposition upon the same notice and service as if the action was pending in the court. The motion shall show (i) the names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each and (ii) the reasons for perpetuating the testimony. If the court finds that the perpetuation is proper to avoid a failure or delay in justice, it may make orders of the character provided for by this rule and thereupon the deposition may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the court.
(3) Perpetuation Action. This rule does not limit the power of a court to entertain an action to perpetuate testimony.
(e) Rules Governing Depositions. Except as otherwise provided, the rules governing the taking and filing of oral depositions, and objections thereto; the issuing, execution and return of commissions; and the opening of depositions, under the Florida Rules of Civil Procedure, shall apply in cases covered by these rules.
(f) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which he would have been under a duty to disclose or produce at the time of such previous compliance, he shall promptly disclose or produce such witnesses, evidence or material in the same manner as required under these rules for initial discovery.
(g) Sanctions.
(1) If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(i) Order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(ii) grant a continuance;
(iii) order a new hearing;
(iv) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed;
(v) enter such order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanction by the court.

Rule 8.780. Adjudicatory Hearings
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge without a jury. At this hearing the court shall determine whether the allegations of the petition have been sustained.
(b) Examination of Witnesses. Any party shall have the right to examine the witnesses. No party shall be excluded from *437 the hearing unless so ordered by the court for disruptive behavior.
(c) Right Against Self-Incrimination, Child. The child shall not be required to give testimony that may tend to incriminate him in any criminal matter.
(d) Right Against Self-Incrimination, Parent or Custodian. The parents or custodians shall, if they so elect, be sworn and may testify in their own behalf. In such cases they shall be warned that anything they say may be used against them at a subsequent criminal trial. They may be cross-examined as other witnesses.
(e) Joint and Separate Hearings. When two or more children are alleged to be dependent children, the hearing may be held simultaneously when the several children involved are related to each other or involved in the same case, unless the court orders separate hearings.
(f) Motion for Judgment of Dismissal. In all proceedings, if at the close of the evidence for the petitioner the court is of the opinion that the evidence is insufficient to warrant a finding of dependency, it may, and on the motion of any party shall, enter an order dismissing the petition for insufficiency of the evidence.
(g) Dismissal. If the court shall find that the allegations in the petition have not been sustained, it shall enter an order dismissing the case.
(h) Alternatives Pending Disposition. If the court finds that the evidence supports the allegations of the petition, it may make a finding of dependency as provided by law. If the predisposition and other reports required by law are available, the court may proceed to disposition or continue the case for a disposition hearing. If the case is continued, the court may refer the case to appropriate agencies for additional study and recommendation. The court may order the child continued in placement, designate the place of detention, or the agency that will be responsible for his placement, and such other orders deemed necessary to protect the health, safety and well-being of the child, including diagnosis, evaluation, treatment and visitation.
(i) Findings and Orders. In all cases the court shall enter a written order specifying the facts upon which the finding of dependency is based.

Rule 8.790. Disposition Hearings
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the dispositional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law, and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child or his parent or custodian that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b) Disclosure to Parties. All parties shall be entitled to disclosure of all information in all reports submitted to the court.
(c) Treatment Plans. At any time after adjudication, any party may submit a plan of proposed treatment, training or conduct. The Department of Health and Rehabilitative Services shall be the supervising agency unless the court appoints another agency or person.
(1) The plan must be in writing and shall be agreed to and signed in all cases by the parents or custodians, and when represented, by their counsel; whenever possible, by the child, the guardian ad litem and the child's counsel. The authorized agent of the department shall indicate whether they recommend the acceptance of the plan.
(2) The court shall conduct a hearing on acceptance of the plan, which may be waived by oral or written stipulation of all parties and the supervising agency. The court shall provide an opportunity for all parties to be heard on contested issues, may accept or reject the plan or *438 any parts thereof and shall enter a written order.
(3) Violations of the conditions of the plan shall be presented to the court by a motion alleging a violation during the pendency of the plan. If the court, after hearing, finds a violation has occurred, it may take such action as is appropriate to enforce the plan, to modify the plan by supplemental agreement or to set aside the plan.
(4) The plan shall set forth the period of time that it shall be in effect and wherever appropriate the supervising agency or person responsible for the monitoring of the plan. Unless otherwise dismissed, the petition may be dismissed on the motion of any party participating in the plan after notice of hearing and a finding of substantial compliance with the provisions and intent of the plan.
(d) Orders of Disposition. The court shall in its written order of disposition include:
(1) the placement or custody of the child;
(2) special conditions of placement and visitation;
(3) evaluation, counseling, treatment activities and other actions to be taken by the parties, where ordered;
(4) supervising or monitoring agencies, and continuation or discharge of the guardian ad [item, where appropriate;
(5) period of time or date for subsequent case review where required by law;
(6) such other requirements deemed necessary to protect the health, safety and well-being of the child.
Committee Note:
Disposition under Rule 8.790 is authorized at present by either of two statutory methods, see 39.409 and 39.41.

Rule 8.800. Post-Disposition Relief
(a) Motion for Modification of Placement. A child who has been placed in his own home, in the home of a relative, or in some other place, under the supervision of the Department of Health and Rehabilitative Services may be brought before the court by the parent, guardian or any interested person on a motion for modification of placement. The court shall conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered or placing the child with the Department or a licensed child-caring agency.
(b) Motion for Termination of Supervision or Jurisdiction. Any party requesting termination of agency supervision or the jurisdiction of the court or both shall do so by motion. The court shall hear all parties present and enter an order terminating supervision or terminating jurisdiction and supervision or continuing them as previously ordered. The court shall not terminate jurisdiction unless the child is returned to the parent or placed with a legal guardian.
(c) Performance Agreements. Within 30 days after placement of a child in foster care one of the following shall occur:
(1) The Department of Health and Rehabilitative Services shall file a performance agreement with the court; or
(2) The Department of Health and Rehabilitative Services shall submit a motion requesting an extension of the time for filing the performance agreement for a period of not more than 30 days; however, this shall not preclude a party or any other agency or person participating in the preparation of the performance agreement from filing the motion.
(i) Service. A copy of the motion and notice of hearing shall be served on the parties and participants in the preparation of the performance agreement.
(ii) Hearing. The court shall hear all persons present, in person, by counsel, or both. On good cause shown, the court may grant an extension not to exceed 30 days; or
(3) The Department of Health and Rehabilitative Services shall submit a motion for review of a plan for permanent *439 placement, to which a copy of the proposed plan shall be attached. In the event that such a motion and plan are submitted because the parents will not or cannot participate in the preparation of the performance agreement, the motion shall contain a full explanation of the circumstances preventing the parents from participating. In the event that the motion and plan are being submitted due to the inability of the parents and the department to concur in all or any portion of the performance agreement, the motion shall contain an explanation of the nature of the disagreement.
(i) Service. The motion, proposed plan, and notice of hearing shall be served on the parties and participants in the preparation of the performance agreement.
(ii) Hearing. The court shall hear all parties present, in person, by counsel, or both. After such hearing, the court shall order the department to submit the plan for permanent placement, but may, in its discretion, issue a protective order modifying, deleting, or adding to the requirements included in the plan for permanent placement.
(d) Foster Care Review in Dependency Cases. Children in foster care shall have their status reviewed as provided by law.
(1) Scheduling Hearings.
(i) If the child is placed in foster care pursuant to a court order at a disposition hearing, the court shall determine when the first review hearing shall be held and the clerk of the court shall immediately schedule the review hearing. In no case shall the hearing be scheduled for later than six months from the date of placement.
(ii) In all other cases where a child is in foster care, proceedings for judicial review shall be initiated by the filing of a supplemental petition for judicial review by the Department of Health and Rehabilitative Services. Upon filing of said petition, the clerk of the court shall immediately schedule the review hearing.
(2) Petition and Report
(i) Petition. In all cases, including those in which a foster care review hearing has already been scheduled by the Clerk of the Court, the department shall prepare a petition to which a copy of the report shall be attached. The petition shall allege facts showing the court to have jurisdiction of the cause as a dependency case. It shall contain allegations as to the identity and residence of the parent and custodian, if known, the dates of the original dependency adjudication and any subsequent judicial review proceedings, and a request for one of the following forms of relief:
(a) That the child be continued in foster care;
(b) That the child be placed in the custody of a parent, guardian, relative or former custodian;
(c) That proceedings be instituted to terminate parental rights and legally free the child for adoption.
(ii) Report. The Department shall prepare a report as required by law including the status of compliance with each provision of the performance agreement and including recommendations for continued foster care, return of the child to the parent, guardian, relative, or former custodian, or for the initiation of proceedings to terminate parental rights. A copy of the written report shall be provided to all parties within the time period provided by law.
(3) Service. A copy of the petition, report, and recommendations and a notice of review hearing shall be served on all persons who are required by law to be served prior to the judicial review hearing.
(4) Court Action.
(i) If the court finds that the parents have substantially complied with the performance agreement, the court shall return the child to the custody of the natural parents on expiration of the performance agreement.

*440 (ii) If the court finds the social service agency has not complied with its obligations, the court may find the social service agency to be in contempt, shall order the social service agency to submit its plan for compliance with the agreement and shall require the social service agency to show why the child should not be returned immediately to the home of his parents or legal guardian. If the court finds that the child should not be returned to his natural parents or legal guardian, it shall extend the performance agreement for a period of not more than six months.
(iii) If, at the expiration of the performance agreement, the court finds that the parents have not substantially complied with the performance agreement and the child is not returned to the physical custody of his natural parents, the social service agency shall initiate permanent commitment proceedings unless the court finds that such would not be in the child's best interests or unless the court finds by clear and convincing proof that the situation of the child is so extraordinary that the performance agreement should be extended. No agreement shall be extended for a period longer than six months, except that the court may extend the agreement for twelve months if the child is 13 years of age or older. At the expiration of the extended agreement, the court shall again review the child's status.
(iv) When a child is returned to the natural parents, the court shall not terminate its jurisdiction over the child until six months after the return. Based on a report of the department and any other relevant factors, the court shall then determine whether the jurisdiction should be continued or terminated; if its jurisdiction is to be terminated, it shall enter an order to that effect.
(v) When a child has not been returned to the natural parent, but has been permanently committed to the Department of Health and Rehabilitative Services or to a licensed child-placing agency willing to receive the child for subsequent adoption, the court shall continue to hold judicial review hearings on the status of the child at least annually. Such hearings shall be held in accordance with these rules.
Committee Note:
This rule is designed to add changes in the new statute to the former rule.
Section 409.168, Florida Statutes, provides that within thirty days of placement of a child in foster care, either a performance agreement or a permanent plan is to be filed with the court. This statute provides for an extension of time to file a performance agreement for "good cause."
This rule is designed to provide for a procedural mechanism to assure that one of these three actions takes place within thirty days and to provide for court review.
The committee believes the intent of the statute is to encourage the preparation of "performance agreements," rather than "permanent plans" and thus to provide for judicial oversight of cases where performance agreements have not been prepared. The legislative language upon which the committee relied are the requirements of: (1) a full explanation of why a performance agreement has not been filed and (2) review of plans in which parents did not participate.
The committee recognizes that in some cases the inability of the agency to submit a performance agreement may stem not from the unwillingness of the parent to participate, but from the inability of the parties to agree on the terms. This rule clarifies the need for judicial review of the permanent plan in those cases.
The new section 409.168 adds to the court's dispositional powers under Chapter 39. These powers are scattered through various sections.
This rule is designed to collect all powers of disposition in one section. The rule patterns *441 Rule 8.190, which lists dispositional alternatives at adjudication in one section.
The intent of (v) is to clarify the committee's belief that the court retains jurisdiction over children who have been permanently committed and must hold judicial review hearings until there has been a finalized adoption.

Rule 8.810. Permanent Commitment
(a) Form or Petition. A request for the permanent commitment of a child to an appropriate agency of the Department of Health and Rehabilitative Services or a licensed child placing agency for subsequent adoption may be made in the petition by which formal proceedings are commenced or in a pleading subsequent thereto; but in either event the pleading shall be entitled a petition for permanent commitment and contain allegations of facts necessary to support such a commitment and a prayer therefor. This pleading will be verified.
(1) Birth Certificate. The petition for permanent commitment shall have attached a certified copy of the birth certificate of each child named in the petition unless the petitioner after diligent search and inquiry is unable to produce same, in which case the petition shall state the date and place of birth of each child, unless these matters cannot be ascertained after diligent search and inquiry or for other good cause.
(2) Notice. If the parents or guardians have executed surrenders and waiver of notice of hearing as provided by law, such shall be alleged in the petition and shall be attached to the petition or presented to the court.
(3) The parents or guardians of the child may consent to the Petition for Permanent Commitment at any time in writing or during the proceeding in the manner provided by law.
(b) Summons and Notice. Upon the filing of a pleading requesting permanent commitment a summons containing notice of the Petition for Permanent Commitment directing the parties to appear at a certain date and time shall be served as provided by law. The summons shall contain the following language:
"You must either appear on the date and at the time specified or send a written response to the court prior to that time. Your failure to appear or respond may be treated as consent to the permanent commitment and you may lose all legal rights as a parent to the child or children named in the Petition for Permanent Commitment attached to the summons."
Parties upon whom service of process cannot be effected shall be served as provided by law.
In all cases where the child has been adjudicated dependent and jurisdiction has not been relinquished by the court, the clerk upon the filing of a pleading requesting permanent commitment, shall issue a notice of the petition to be served as required by law.
In cases where a parent or guardian was not previously served, a summons shall be issued and served as required by law in addition to said notice.
(c) Hearing.
(1) At the hearing as specified in the notice the court shall determine whether the parent(s) is/are represented by counsel and shall appoint counsel if the parties are unrepresented and insolvent, as required by law. The court shall then set forth the cause for final hearing at a date certain.
(2) If the parent(s) or guardian(s) to whom notices are issued fail to respond or appear at the hearing as set forth in the notice, the court may immediately proceed to final determination of the petition; however, a final order shall not be entered until proof of non-military service has been filed, if applicable.
(d) Final Order. The final order granting a Petition for Permanent Commitment of a child to the Department of Health and Rehabilitative Services or a licensed child placing agency willing to receive the child for subsequent adoption shall include the following:

*442 (1) Statement of jurisdiction including facts on which jurisdiction is based;
(2) A statement of facts on which the court bases its order;
(3) Appearance of all parties and a statement of service provided to parties as required by law; and
(4) The agency to whom the child is committed.

Rule 8.820. Motion for Rehearing
(a) Basis. After the court has entered an order of adjudication or an order withholding adjudication or an order of disposition, any party may move for rehearing upon one or more of the following grounds:
(1) That the court erred in the decision of any matter of law arising during the hearing.
(2) That a party did not receive a fair and impartial hearing.
(3) That any party required to be present at the hearing was not present.
(4) That there exists new and material evidence, which, if introduced at the hearing would probably have changed the court's decision and could not with reasonable diligence have been discovered before and produced at the hearing.
(5) That the court is without jurisdiction of the proceeding.
(6) That the judgment is contrary to the law and evidence.

(b) Time and Method.
(1) A motion for rehearing may be made and ruled upon immediately after the court announces its judgment but must be made within ten (10) days of the entry of the order.
(2) If the motion is made in writing, it shall be served as provided in these rules for service of other pleadings.
(3) A motion for rehearing shall not toll the time for the taking of an appeal.

(c) Court Action.
(1) If the motion for rehearing is granted the court may vacate or modify the order or any part thereof and allow additional proceedings as it deems just. It may enter a new judgment, and may order or continue the child in detention pending further proceedings.
(2) The court on its own initiative may vacate or modify any order within the time limitation provided in (b) above.
Committee Note:
Old rule applied only to adjudicatory hearings. It is felt that the court can, under this rule, modify a judgment as might be done under Fla.R.Civ.P. 1.530.

Rule 8.830. Relief from Judgments or Orders
(a) Clerical mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of any party, after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Extraordinary relief. On motion and upon such terms as are just, the court may relieve a party or his legal representative from an order, judgment, or proceeding for the following reasons:
(1) Mistake, inadvertence surprise, or excusable neglect;
(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for rehearing.
(3) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of any other party;
(4) That the order or judgment or any part thereof is void.
The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was taken.
(c) After the court loses jurisdiction of the cause, as provided by law, a motion for relief of judgment or order under section (b) shall not be heard.

*443 Rule 8.840. Supersedeas on Appeal
(a) Permanent Commitment. The taking of an appeal shall operate as a supersedeas in cases involving a petition for permanent commitment to a licensed child placing agency or any agency of the Department of Health and Rehabilitative Services for subsequent adoption, but the child shall continue in the custody of the agency under the order until the appeal is decided.
(b) Other Cases. In all other cases the taking of an appeal shall not operate as a supersedeas, but the court in considering the welfare and best interest of the child may grant a supersedeas in its discretion on such conditions, with or without bond, as it may fix.
(c) Preeminence of Rule. This rule shall be to the exclusion of any other court rule providing for supersedeas on appeal.

Rule 8.850. Disqualification of Judge
(a) Grounds. Any party or person interested in the result of the action may move to disqualify the judge on grounds provided by law, including that the judge is related to a party or person interested in the outcome of the action, or to an attorney in the cause, that the judge is a material witness in the cause; or that a party or person feels that they will not receive a fair hearing on account of prejudice.
(b) Contents. A motion to disqualify shall allege the facts relied on to show the grounds for disqualification and shall be certified by the party or person interested in the outcome of the action.
(c) Time. A motion to disqualify shall be made within a reasonable time after discovery of the facts constituting grounds for disqualification.
(d) Determination. The judge against whom the motion is directed shall determine only the legal sufficiency of the motion. The judge shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall enter an order of disqualification and proceed no further in the action. Another judge shall be designated in a manner prescribed by applicable laws or rules for the substitution of judges for the hearing of causes where the judge presiding is disqualified.
(e) Judge's Initiative. Nothing in this rule limits a judge's authority to enter an order of disqualification the judge's own initiative.
Committee Note:
The committee has adapted Rule 1.432 Fla.R.Civ.Proc. in recognition of dependency proceedings being civil in nature, obviating the need for multiple affidavits required in criminal matters.

Rule 8.860. Direct Contempt
A contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the person accused of the accusation against him and inquire as to whether he has any cause to show why he should not be adjudged guilty of contempt by the court and sentenced therefor The accused shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.

Rule 8.870. Indirect Contempt
An indirect contempt shall be prosecuted in the following manner:
(a) Order to Show Cause. The judge on his own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the one accused of contempt, stating the essential facts constituting the contempt charged and requiring him to appear before the court to show cause why he should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for the preparation of a defense after service of the order on the one accused. It shall be served in the same manner as a summons. Nothing herein shall be construed to prevent *444 the one accused of contempt from waiving the service of process.
(b) Motions; Answer. The accused, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars, or answer such order by way of explanation or defense. All motions and the answers shall be in writing unless specified otherwise by the judge. The accused's omission to file motion or answer shall not be deemed an admission of guilt of the contempt charged.
(c) Order of Arrest; Bail. The judge may issue an order of arrest of the one accused of contempt if the judge has reason to believe he will not appear in response to the order to show cause. The accused shall be admitted to bail in the manner provided by law in criminal cases.
(d) Arraignment; Hearing. The accused may be arraigned at the hearing, or prior thereto upon his request. A hearing to determine the guilt or innocence of the accused shall follow a plea of not guilty. The judge may conduct a hearing without assistance of counsel or may be assisted by the state attorney or by an attorney appointed for that purpose. The accused is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense. All issues of law and fact shall be determined by the judge.
(e) Disqualification of the Judge. If the contempt charged involves disrespect to or criticism of a judge, he shall be disqualified by the Chief Judge of the circuit.
(f) Verdict; Judgment. At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.
(g) The Sentence. Prior to the pronouncement of sentence the judge shall inform the defendant of the accusation and judgment against him and inquire as to whether he has any cause to show why sentence should not be pronounced. The accused shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the one found guilty of contempt.